MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
Mason J. Hattam, Bar No. 352198
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, California 90071
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501
john.battenfeld@morganlewis.com
mason.hattam@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
Nancy Nguyen, Bar No. 301677
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:   +1.714.830.0600
Fax:   +1.714.830.0700
nancy.nguyen@morganlewis.com

Attorneys for Defendant
MOSS ADAMS LLP, now known as MOSS
ADAMS ADVISORY GROUP LP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY BURNS and SAMANTHA ZUZUARREGUI, individuals and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MOSS ADAMS LLP, a Washington Limited Liability Partnership; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-206<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1331, 1332(a), 1441, 1446] |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND PLAINTIFFS' COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1331, 1332(a), 1441, and 1446, Defendant Moss Adams LLP, now known as Moss Adams Advisory Group LP, ("Defendant" or "Moss Adams") hereby removes the above-entitled action from the Los Angeles County Superior Court to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446.

**I.    PROCEDURAL BACKGROUND**

1.    On September 29, 2025, Plaintiffs Barry Burns and Samantha Zuzuarregui ("Plaintiffs") filed an unverified putative Class Action Complaint seeking wages, liquidated damages, statutory penalties and unreimbursed business expenditures or losses in the Superior Court of the State of California, County of Los Angeles, entitled *Burns, et al. v. Moss Adams LLP*, Case No. 25STCV28667 ("Complaint" or "Compl.").

2.    The Complaint alleges causes of action for (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to pay wages due upon termination; (6) failure to provide accurate wage statements; (7) failure to timely pay wages during employment; (8) violation of Labor Code § 2802; and (9) unfair competition. The Complaint names "Moss Adams LLP" as the sole named Defendant.

3.    Plaintiffs seek to represent the following class: "all current and former non-exempt employees of Defendants within the state of California at any time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time the notice of the class action is provided to the class." Compl., ¶ 27.

4.    On December 9, 2025, Plaintiffs served the Complaint on Moss Adams. A true and correct copy of the Complaint is attached as **Exhibit A**. True and correct

copies of the Summons and all documents served with the Complaint are attached as **Exhibit B**.

5.      On October 15, 2025, the Los Angeles County Superior Court clerk filed a minute order, initial status conference order, and certificate of mailing for the minute order and initial status conference order.  True and correct copies of the minute order, initial status conference order, and certificate of mailing are attached as **Exhibit C**.

6.      On December 8, 2025, Plaintiffs filed a Non-Service Report reflecting an ineffective attempt to personally serve Moss Adams at an incorrect address on October 10, 2025.  A true and correct copy of the Non-Service report is attached as **Exhibit D**.

7.      On December 19, 2025, Plaintiffs filed proof of personal service.  A true and correct copy of the proof of personal service is attached as **Exhibit E**.

8.      **Exhibits A through E** constitute all the pleadings, process, and orders served upon or by Moss Adams, or filed to Moss Adams' knowledge to date, in the Superior Court action.

## II.    THIS REMOVAL IS TIMELY

9.      Plaintiffs served Moss Adams on December 9, 2025, with the Summons and Complaint.  Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint on Moss Adams, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (a defendant's 30-day removal period begins to run when the defendant is formally served with a complaint).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

III.  **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA**

Plaintiffs bring this action as a putative class action.[1]  Compl., ¶ 1.  Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members is greater than 100; and (iii) diversity of citizenship exists between both Plaintiffs and Moss Adams. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453.  Moss Adams denies Plaintiffs' factual allegations and denies that Plaintiffs, or the class Plaintiffs purport to represent, are entitled to the relief requested; however, based on Plaintiffs' allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

A.  **Diversity of Citizenship Exists**

10.  To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *see also, e.g., United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, *AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

---

[1] Moss Adams does not concede, and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action. Moss Adams does not concede that any of Plaintiffs' allegations constitute a cause of action against it under applicable California law.

**1.    Plaintiffs Are Citizens of California.**

11.    An individual is a citizen of the state in which he is domiciled. *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000). Domicile is determined by "an individual's (1) residence in a state, and (2) his intent to remain indefinitely." *Boon*, 229 F. Supp. 2d at 1019. Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 395 (3d Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519 (10th Cir. 1994).

12.    Plaintiffs allege that they are "resident[s] of the State of California," and that Moss Adams employed them in California "[a]t all relevant times" alleged in the Complaint. Compl., ¶¶ 2-4. The Complaint does not allege any alternative place of residence or state of citizenship for Plaintiffs. Plaintiff Zuzuarregui worked in Pasadena, California during her temporary assignment at Moss Adams and her subsequent employment with Moss Adams, and Moss Adams' records reflect that her residential address on file was in Pasadena, California. Plaintiff Burns worked in Fresno, California during his temporary assignment at Moss Adams. Based on the location of Plaintiff Burns' assignment, Moss Adams is informed and believes that Plaintiff Burns also resided in California.[2] Accordingly, at the time the Complaint was filed Plaintiffs were domiciled in California and, therefore, are citizens of California for purposes of removal. *Francisco v. Emeritus Corp.*, 2017 WL 2541401, at *4 (C.D. Cal. June 12, 2017) ("Plaintiff's residence and employment in California

---

[2] During the putative class period alleged in the Complaint, Plaintiff Zuzuarregui was initially employed by staffing agency Robert Half, Inc. and was on temporary assignment at Moss Adams before later becoming employed by Moss Adams. Plaintiff Burns was employed by staffing agency Aston Carter, Inc. and was temporarily assigned to work at Moss Adams.

are sufficient evidence of his intent to remain in California."). Plaintiffs are not citizens of Washington.

### 2.     Moss Adams Is Not A Citizen of California.

13.     Moss Adams LLP, the only named Defendant, was a citizen of only Washington and is, therefore, diverse from Plaintiff.  For purposes of a "minimal diversity" class action under CAFA, a limited liability partnership is deemed to be a citizen of the state where it has its principal place of business and the state under whose laws it is organized. *See* 28 U.S.C. § 1332(d)(10); *Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698 (4th Cir. 2010) (finding any non-corporate entity to be an "unincorporated association" for purposes of diversity jurisdiction under 28 U.S.C. § 1332(d)(10)); *Callaway v. Anheuser-Busch Companies*, LLC, 2024 WL 1122415, *1 (C.D. Cal. Mar. 14, 2024) (quoting *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006)) (under § 1332(d)(10), an unincorporated association, including a limited partnership, is "deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *Breckenridge v. Best Buy Co.*, 2010 WL 5315812, *1 (C.D. Cal. Dec. 17, 2010) (citing *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 & n.13 (9th Cir. 2009)) (concurring opinion finding a limited partnership to be an unincorporated association under CAFA for diversity purposes). Moss Adams LLP, at the time of the Complaint filing and up until it was dissolved on December 31, 2025, was a limited liability partnership, formed under the laws of Washington, and was therefore a citizen of Washington.

14.     Moss Adams LLP was also a citizen of Washington because at the time of the Complaint filing and up until it was dissolved, its principal place of business was in Seattle, Washington.  A business entity's (whether a corporation or an unincorporated association) "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to the place where its officers direct, control, and coordinate its activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-

93 (2010). This is normally the place where the entity maintains its headquarters. *Id.* Here, Moss Adams maintained its headquarters in Seattle, Washington, where its executive and administrative functions were directed, controlled and coordinated. Therefore, Moss Adams' principal place of business was in Washington. Additionally, Moss Adams did not direct, control, or coordinate any of its executive and administrative functions from California.

15.    Moss Adams LLP was, at the time of the filing of this action and up until it was dissolved, a citizen of Washington for purposes of determining diversity jurisdiction under CAFA. Therefore, diversity of citizenship exists under CAFA because at least one member of the putative class—each Plaintiff—is a citizen of a state different than Moss Adams. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant"); *Bradford v. Bank of Am. Corp.*, 2015 WL 5311089, at *3 (C.D. Cal. Sept. 10, 2015) ("[Defendant] needed only to establish that one plaintiff was a citizen of a different state from any one defendant at the time of removal.").

16.    In 2025, a new entity, Moss Adams Advisory Group LP ("MAAG") was formed as part of a restructuring, and as of June 2, 2025, all of Moss Adams LLP's non-exempt employees in California were transferred to and became employees of MAAG.  MAAG is not a named party to this action and, therefore, its citizenship does not affect the diversity analysis.  However, because MAAG became the employer of the current employee putative class members, this Notice of Removal addresses MAAG's citizenship, and includes in the numbers set forth below relevant information as to the putative class members who became employees of MAAG as of June 2, 2025.  MAAG is a limited partnership, formed under the laws of Delaware, and MAAG maintains its headquarters and certain executive and administrative functions in Seattle, Washington. Additionally, MAAG does not direct, control, or

coordinate any of its executive and administrative functions from the State of California.

17.    Therefore, MAAG is a citizen of Delaware and Washington, and is not a citizen of California.  Accordingly, even if MAAG's citizenship were to be considered for purposes of the diversity analysis in this action, minimal diversity between the parties still exists.

18.    Additionally, the citizenship of alleged "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

**B.    The Putative Class Has More Than 100 Members.**

19.    CAFA's requirement that proposed class membership be no less than 100 (28 U.S.C. § 1332(d)(5)) is satisfied here because the putative class has more than 100 members. Plaintiffs assert claims on behalf of a putative class comprised of "all current and former non-exempt employees of Defendants [sic] within the state of California at any time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time notice of the class action is provided to the class." Compl., ¶ 27. For purposes of this removal, Moss Adams uses data starting September 29, 2021 (four years before Plaintiffs filed their Complaint) and collected as of October 2025, in addition to data regarding terminated employees collected through the end of November 2025. If Moss Adams used data up to the time of removal, the relevant numbers in this Notice of Removal, including the amount in controversy, would be higher. Moss Adams' business records show that approximately 1,041 non-exempt employees were employed by Moss Adams in California between September 29, 2021, and October 2025.  This number does not include Plaintiff Burns, who was not employed by Moss Adams but rather was employed by Aston Carter, Inc. during his approximately one-month assignment at Moss Adams in 2025.

**C.    The Amount in Controversy Exceeds $5 Million.[3]**

20.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5 million, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6). A removing defendant "must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. § 1446(a)). The short and plain statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. It is beyond dispute that "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citations omitted); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (same); *see also Perez v. Rose Hills Co.*, 131 F.4th 804, 807 (9th Cir. 2025) ("[I]t makes little sense to require a CAFA defendant to introduce evidence of the violation rate—really the *alleged* violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist."); *Jauregui v. Roadrunner Transp. Servs.*, Inc., 28 F.4th 989, 993 (9th Cir. 2022) (reversing district court's order remanding the action to state court due to an "inappropriate demand of certitude from [the defendant] over its assumptions used in calculating the amount in controversy" for purposes of CAFA removal).

---

[3] This Notice of Removal addresses the nature and amount of damages that the Complaint places in controversy. Moss Adams refers to specific damages estimates and cites to comparable cases solely to establish that the amount in controversy exceeds the jurisdictional minimum. Moss Adams maintains that each of Plaintiffs' claims lacks merit and that Moss Adams is not liable to Plaintiffs or any putative class member in any amount whatsoever. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendant's] liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In addition, Moss Adams denies that this case is suitable for class treatment.

21.    The ultimate inquiry is what amount a complaint places "in controversy," not what a defendant may actually owe in damages. *LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy"); *see also Jauregui*, 28 F.4th at 993 ("At that stage of the litigation, the defendant is being asked to use the plaintiff's complaint—much of which it presumably disagrees with—to estimate an amount in controversy. This is also at a stage of the litigation before any of the disputes over key facts have been resolved."); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) ("The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what a defendant will actually owe."). The burden to establish the jurisdictional amount under CAFA "is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state and prove the plaintiff's claims for damages.'" *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also LaCross*, 775 F.3d at 1203 (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (reasoning that in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy.").

22.    The allegations in the removing defendant's notice of removal "may rely on 'a chain of reasoning that includes assumptions' and 'an assumption may be reasonable if it is founded on the allegations of the complaint.'" *Marano v. Liberty Mut. Grp., Inc.*, 2021 WL 129930, at *2 (C.D. Cal. Jan. 14, 2021) (quoting *Arias*, 936 F.3d at 925 (9th Cir. 2019)).  Importantly, a removing defendant's assumptions are "not unreasonable simply because another equally valid assumption may exist." *Perez*, 131 F.4th at 809-10 ("[I]f [plaintiff] believed that some other assumption

would have been more reasonable, she was free to propose that rate. (She was also free to use some more specific phrase than 'at times' when drafting the complaint; had she done so, she could have constrained the range of assumptions that [defendant] could reasonably adopt."). When the complaint is "lacking in factual detail," a defendant seeking removal is particularly "justified in employing reasonable estimates" to establish the amount in controversy. *Ritenour v. Carrington Mortg. Servs., LLC*, 228 F. Supp. 3d 1025, 1029 (C.D. Cal. 2017).

23.    Further, "no antiremoval presumption attends cases invoking CAFA" because Congress intended to "facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 87. In assessing the amount in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Exp., Inc.*, 471 F. App'x. 646, 648 (9th Cir. Mar. 8, 2012) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).

24.    While Moss Adams denies Plaintiffs' factual allegations and denies that they or the putative class they seek to represent are entitled to any of the relief for which Plaintiffs have prayed, it is clear that, when the potential value of just some of the claims of Plaintiffs and the putative class are aggregated, the allegations in the Complaint put into controversy an amount in excess of $5 million.

### 1.    Plaintiffs' First Cause of Action for Unpaid Overtime Places at Least $2,029,545.03 in Controversy.

25.    The Complaint alleges that "[f]or at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, or some of them . . . . [b]y, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff [sic] and Class

1    Members: to complete post-shift tasks after clocking out, such as responding to calls,

2    text and emails after work hours.    In addition, upon information and belief,

3    Defendants detrimentally rounded, edited and/or manipulated of [sic] time entries so

4    the hours recorded were less than the hours actually worked." Compl., ¶¶ 14-15. The

5    Complaint further alleges that "Class Members . . . have been damaged and are

6    entitled to recovery by reason of Defendants' "policies and/or practices that have

7    resulted in the violation of the Labor Code at times, as set out herein." *Id.* ¶ 35.  As

8    a result of these alleged "unlawful acts," the Complaint alleges that "Plaintiffs and

9    Class Members have been deprived of overtime wages in amounts to be determined

10    at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees

11    and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure

12    section 1021.5 and 1032, and Civil Code section 3287." *Id.* ¶ 43.

13        26.    Based on these allegations, it is plausible and reasonable to assume that

14    Plaintiffs seek to recover at least one hour of unpaid overtime wages per week for all

15    putative class members. *Kastler v. Oh My Green, Inc.*, No. 19-cv-02411- HSG, 2019

16    WL 5536198, at *4 (N.D. Cal. Oct. 25, 2019) (assuming one hour of unpaid minimum

17    wages and unpaid overtime per week per class member "is a conservative estimate

18    routinely endorsed by courts in evaluating CAFA's amount in controversy

19    requirement when plaintiff fails to include specific allegations"); *Perez v. Rose Hills

20    Co.*, No. 2:24-CV-04827-JLS-PVC, 2025 WL 2631603, at *4 (C.D. Cal. Aug. 29,

21    2025) (following direction from the Ninth Circuit in reversing remand order, district

22    court found assumption of one hour of unpaid overtime per week reasonable where

23    plaintiff alleged that defendant "at times" failed to pay overtime).    Plaintiffs'

24    allegation that "Plaintiffs and Class Members, *or some of them*," Compl., ¶ 14

25    (emphasis added), "preserves the possibility that the violations were suffered by all

26    class members," and therefore it is reasonable for Moss Adams to assume that "every

27    class member was harmed by the allegedly unlawful conduct." *Perez*, 2025 WL

28    2631603, at *4.

27.     Moss Adams' records reflect that at least 1,041 non-exempt employees were employed in California from September 29, 2021 through the present, for a collective total of at least 36,362 weeks worked.  Applying the assumption that each class member worked one (1) hour of unpaid overtime per week, and applying the putative class members' weighted average hourly pay rate of $37.21 from September 29, 2021 through the date of removal, Plaintiffs' overtime wage claim places in controversy at least **$2,029,545.03** (36,362 workweeks x 1 hour of unpaid overtime per week x $37.21 weighted average hourly pay rate x 1.5 overtime rate).

> **2.     Plaintiffs' Second Cause of Action for Unpaid Minimum Wages Places at Least $1,098,132.40 in Controversy.**

28.     The Complaint alleges that "[f]or at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of them, in violation of California state wage and hour laws."  Compl., ¶ 13.  The Complaint alleges the same types of "unlawful conduct" as the basis for the minimum wage claim as it does for the overtime claim. Compl., ¶ 47.  According to the Complaint, "[a]s a result of Defendants' unlawful conduct, . . . Plaintiffs and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit." *Id.* ¶¶ 48-49.

29.     As with Plaintiffs' unpaid overtime claim, it is plausible and reasonable for Moss Adams to assume that Plaintiffs seek to recover at least one hour of minimum wage per week for all putative class members.  *See Perez*, 2025 WL 2631603, at *4 (finding assumption of one hour of unpaid minimum wages per week reasonable where plaintiff alleged that defendant "at times" failed to pay minimum wages to "Plaintiff and the Class, or some of them"); *Santos v. Pictsweet Co.*, No. 2:25-CV-03181-AB-SSC, 2025 WL 2424357, at *5 (C.D. Cal. Aug. 20, 2025) ("Language like 'Plaintiff and the Class, or some of them' includes the possibility of violations against all the Class, and language such as 'at times' is only potentially

incompatible with violations occurring at *all* possible times.") (emphasis in original); *Kastler*, 2019 WL 5536198, at *4 (N.D. Cal. Oct. 25, 2019) (assuming one hour of unpaid minimum wages and unpaid overtime per week per class member "is a conservative estimate routinely endorsed by courts in evaluating CAFA's amount in controversy requirement when plaintiff fails to include specific allegations").

30.     Moss Adams' records reflect that about 1,041 non-exempt employees have been employed in California from September 29, 2021, through October 10, 2025, for a collective total of about 36,362 weeks worked.  Taking each applicable state minimum wage rate for the years 2021, 2022, 2023, and 2024, the average blended minimum wage rate is approximately $15.10.  Assuming conservatively that each class member worked one hour per week without being paid the minimum wage, and because Plaintiffs also seek liquidated damages for this claim, Plaintiffs' minimum wage claim places in controversy at least **$1,098,132.40** (36,362 workweeks x $15.10 per hour x 1 hour per workweek x 2 including liquidated damages).

**3.    Plaintiffs' Third Cause of Action for Failure to Provide Meal Periods and Fourth Cause of Action for Failure to Provide Rest Periods Put at Least $2,706,060.04 in Controversy.**

31.     The Complaint alleges that "[f]or at least four (4) years prior to the filing of this Action and continuing to the present, Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day."  Compl., ¶ 17.  The Complaint further alleges that "Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted," and that Moss Adams "failed to provide one (1) additional hour of pay at the Class Member's

1  regular rate of compensation on the occasions that Class Members were not provided

2  compliant meal periods." *Id.* ¶ 54.

3      32.    With regard to Plaintiffs' rest period claim, the Complaint alleges that

4  "[f]or at least four (4) years prior to the filing of this action and continuing to the

5  present, Defendants have, at times, failed to authorize and permit Plaintiffs and Class

6  Members, or some of them, to take rest periods of at least ten (10) minutes per four

7  (4) hours worked or major fraction thereof." *Id.* ¶ 18.  The Complaint further alleges

8  that Moss Adams "failed to provide one (1) additional hour of pay at the Class

9  Member's regular rate of compensation on the occasions that Class Members were

10  not authorized or permitted to take compliant rest periods." *Id.* ¶ 62.

11      33.    Based on the foregoing allegations, the Complaint alleges that

12  "Plaintiffs and Class Members are entitled to recover the full amount of their unpaid

13  additional pay for unprovided compliant" meal- and rest-periods. *Id.* ¶¶ 57, 65.  In

14  other words, Plaintiffs and the putative class members seek "one (1) additional hour

15  of pay at the employee's regular rate of compensation for each workday" that a meal

16  period was not provided and one additional hour of pay for each workday that a rest

17  period was not provided. *Id.* ¶¶ 53, 61.

18      34.    Based on these allegations, it is plausible and reasonable to assume that

19  Plaintiffs seek to recover one meal period premium and one rest period premium per

20  class member per workweek (20% violation rates). *See Santos*, 2025 WL 2424357,

21  at *6 (finding an assumption of one missed meal break and one missed rest break per

22  week reasonable based on allegations that "Plaintiff and the Class, or some of them"

23  were deprived of compliant meal- and rest-periods "at times."); *Perez*, 2025 WL

24  2631603, at *4 (same); *McGill v. Walgreens Co.*, No. EDCV 25-1422-KK-SPX,

25  2025 WL 2413970, at *3 (C.D. Cal. Aug. 20, 2025) (accepting an assumed 20%

26  violation rate for both meal period and rest period claims); *see also Chavez v. Pratt

27  (Robert Mann Packaging), LLC*, No. 19-cv-00719-NC, 2019 WL 1501576, at *3

28  (N.D. Cal. Apr. 5, 2019), *leave to appeal denied*, 2019 WL 5190914 (9th Cir. Aug.

1, 2019) ("Courts in this Circuit, including in this District, have frequently upheld at least a 20% violation rate for purposes of CAFA amount in controversy calculations where the plaintiff does not specify the frequency of the alleged missed meal or rest periods."); *Nunes v. Home Depot U.S.A., Inc.,* No. 2:19-cv-01207-JAM-DB, 2019 U.S. Dist. LEXIS 156261, at *6 (E.D. Cal. Sep. 12,2019) (finding defendant's assumption of one missed meal break and one missed rest break per week to be reasonable where complaint alleged that class members "from time to time" were denied required breaks).  Thus, assuming each putative class member experienced one meal period violation and one rest period violation per week, and applying the putative class members' weighted average hourly pay rate of $37.21 from September 29, 2021 through October 10, 2025, the meal and rest periods claims place in controversy at least **$2,706,060.04** ($37.21 x 36,362 workweeks x 1 violation per workweek x 2 to account for 1 meal period violation and 1 rest period violation per workweek).

### 4.    Plaintiffs' Fifth Cause of Action For Waiting Time Penalties Puts at Least $5,828,759 in Controversy.

35.    Plaintiffs' fifth cause of action is for "waiting time penalties" under California Labor Code § 203—which specifies that employers who fail to timely pay employees' wages at the time of their discharge or resignation must pay, as a penalty, "the wages of the employee . . . from the due date thereof . . . until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days."  The statute of limitations for waiting-time penalties claims is three years.  *See*, *e.g.*, *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395, 1398 (2010).

36.    Plaintiffs' Complaint alleges that "[f]or at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members the full amount of their wages owed to them upon termination and/or resignation . . . including for, without limitation, failing to pay overtime wages, minimum wages, premium wages."  Compl., ¶ 20; *see also*

*id.* ¶ 69 ("Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiffs and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202."). Plaintiffs' fifth cause of action for waiting-time penalties incorporates by reference the earlier allegations in the complaint. *Id.* ¶ 66. Thus, Plaintiffs' claim for waiting-time penalties claim is derivative of their claims for alleged unpaid overtime, minimum wage, meal period, and rest period premiums.

37.    Plaintiffs further allege that "Defendants' failure, at times, to pay Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful" because Moss Adams "intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation." *Id.* ¶ 70. Accordingly, the Complaint alleges that "Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days." *Id.* ¶ 71.

38.    Given the foregoing allegations, it is reasonable to assume that Plaintiffs seek to recover the maximum amount of waiting time penalties for each putative class member. *Santos*, 2025 WL 2424357, at *5-6 (finding assumption of full 30-day waiting time penalties per class member to be reasonable where waiting time penalties were "tied to" alleged violations of minimum wages, overtime, and meal- and rest-period violations suffered "at times" by "Plaintiff and the Class, or some of them"); *Faerber v. Accor Hotels & Resorts (Maryland) LLC*, No. 2:25-CV-08169-DSF-JC, 2025 WL 3002993, at *3 (C.D. Cal. Oct. 24, 2025) (reaching same conclusion on similar allegations); *Chavez v. Pratt (Robert Mann Packaging), LLC*, No. 19-cv-00719-NC, 2019 WL 1501576, at *4 (N.D. Cal. Apr. 5, 2019), *leave to appeal denied*, 2019 WL 5190914 (9th Cir. Aug. 1, 2019) ("By tying the unpaid final wage claim to his other claims, Chavez makes Pratt's assumption of 100% violation

for unpaid wages reasonable—that is, if every putative class member incurred damages for at least one other claim in the complaint, every class member who departed Pratt during the statutory period was due unpaid wages.").

39.    Here, even a single dollar of willfully unpaid minimum or overtime wages at any time during the relevant period would generate a waiting time penalty of 30 days' wages for the putative class members.  As a result, courts have properly considered 100% of waiting time penalties at a 100% violation rate as part of the amount in controversy.  *See Jauregui*, 28 F.4th at 993-94 (noting it was reasonable for employer to assume all terminated employees were entitled to maximum waiting time penalties based on at least one alleged violation occurring in the previous four years, even if a small percentage of employees might not be entitled to the maximum penalty); *Marquez v. Toll Glob. Forwarding (USA) Inc.*, 2018 WL 3046965, at *4 (C.D. Cal. June 19, 2018) (noting that "[r]ecovery of penalties under Cal. Labor Code § 203 does not hinge upon the number of violations committed" and finding that for purposes of assessing the amount in controversy, "all 112 terminated/resigned employees experienced *some* kind of violation . . . for which they were still owed wages at the time their employment ended" (emphasis added)).

40.    In California, at least 654 of Moss Adams' full-time non-exempt employees' employment ended between September 29, 2022, and November 13, 2025 (more than 30 days before removal).[4]  Based on the average final hourly pay rate of $37.14 for these terminated full-time employees and assuming Plaintiffs seek waiting time penalties based on standard  eight (8) hour workdays, and assuming, as Plaintiffs allege, that each terminated employee is entitled to the maximum waiting time penalty of 30 days, Plaintiffs' waiting time penalty claim places at least

_____

[4] Moss Adams assumes Plaintiffs seek waiting time penalties on behalf of putative class members on an ongoing basis based on the Complaint's allegations and the class definition. *See* Compl. ¶ 27.  However, Moss Adams contends that no waiting time penalties can be sought after September 29, 2025, the day the action was commenced. *See* Labor Code § 203.

DEFENDANT'S NOTICE OF REMOVAL

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

1  **$5,828,759** in controversy (654 terminated full-time non-exempt employees x $37.14

2  average final hourly pay rate x 8 hours x 30 days).

3              **5.    Plaintiffs' Sixth Cause of Action For Non-Compliant Wage

4              Statements Puts at Least $444,100 in Controversy.**

5       41.    Plaintiffs allege that wage statements issued to non-exempt employees

6  in California were deficient under Labor Code § 226—which they allege provides

7  penalties of $50 for "initial" failures and $100 for all "subsequent" failures to provide

8  the information required by the statute. Cal. Lab. Code § 226(e)(1); Compl., ¶ 80.

9  Up to a maximum of $4,000 in penalties may be collected for each employee. *Id.*

10  The statute of limitations for inaccurate wage statement claims is one year. Cal. Civ.

11  P. § 340(a); *Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal. 4th 1094, 1120 (2007).

12       42.    The Complaint alleges that "[f]or at least one (1) year prior to the filing

13  of this action and continuing to the present, Defendants have, at times, failed to

14  furnish Plaintiffs and Class Members with itemized wage statements that accurately

15  reflect gross wages earned; total hours worked; net wages earned; all applicable

16  hourly rates in effect during the pay period and the corresponding number of hours

17  worked at each hourly rate; the name and address of the legal entity that is the

18  employer; and other such information as required by Labor Code section 226,

19  subdivision (a)." Compl., ¶ 21.

20       43.    Based on such allegations, it is reasonable to assume for removal

21  purposes a 100% violation rate on Plaintiffs' wage statement claim. *See Santos*, 2025

22  WL 2424357, at *6 (citing *Bermejo v. Lab'y Corp.*, 2020 WL 6392558, at *7 (C.D.

23  Cal. Nov. 2, 2020) for the proposition that "when it can reasonably be assumed that

24  about one violation occurred each week, every wage statement likely contained an

25  alleged error"); *Faerber*, 2025 WL 3002993, at *3-4 (finding 100% violation rate

26  reasonable where complaint alleged that defendants had "at times" failed to furnish

27  accurate itemized wage statements to plaintiff and class members, "or some of

28  them"); *Kastler*, 2019 WL 5536198, at *6 ("Because the baseline assumptions of one

1    hour of unpaid minimum wage and one hour of unpaid overtime per week are

2    reasonable, as noted above, Defendant's calculations for wage statement violations

3    [which assume that each wage statement was in violation of section 226] are also

4    reasonable."); *Vasquez v. Randstad US, L.P.*, 2018 WL 327451, at *6 (N.D. Cal. Jan.

5    9, 2018) ("Inaccurate wage statement penalties do not depend on how many unpaid

6    hours were worked, but whether any unpaid hours were worked.").

7        44.    At least 332 non-exempt employees have been employed by Moss

8    Adams in California from September 29, 2024 (one year before the filing of the

9    Complaint) to the date of removal, for a total of at least 4,607 pay periods during that

10   one-year period.  As explained above, since Plaintiffs' Complaint alleges that wage

11   statement violations based on predicate unpaid minimum and overtime wages and

12   unpaid meal and rest period premium violations, and it is reasonable to assume at

13   least one such violation per week, then it is reasonable to assume, for purposes of

14   removal, that each wage statement issued was non-compliant.  Thus, Plaintiffs' wage

15   statement claim places in controversy at least **$444,100** (332 employees x $50 (for

16   each employee's "initial" violation) + 4,275 pay periods x $100 (for the "subsequent"

17   violations)).

18          **6.    Plaintiffs' Request for Attorney's Fees Puts Additional
              Amounts in Controversy.**

19

20       45.    The above claims put in controversy at least **$12,106,596.47**.  In

21   addition to this amount, Plaintiffs also seek recovery of attorneys' fees.  Compl., ¶¶

22   25, 43, 49, 57, 65, 81, 95; *id* at Prayer, ¶ N.  In addition to specific fee requests as to

23   certain causes of action, Paragraph 25 of the Complaint seeks monetary relief,

24   including attorneys' fees "pursuant to, including but not limited to, Labor Code

25   sections 200, 201, 202, 203, 204, 226, 226.7, 510, 512, 558.1, 1194, 1194.2, 1197,

26   2802, and California Code of Regulations, Title 8, section 11040."

27       46.    When an award of attorneys' fees is authorized by statute, "*prospective*

28   attorneys' fees *must* be included in the assessment of the amount in controversy."

*Arias*, 936 F.3d at 922 (emphases added); *see also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794-95 (9th Cir. 2018) ("The phrases 'all relief' and 'certain classes of damages' encompass *all of the plaintiff's future recovery*, not lost wages alone. Accordingly, *Chavez*'s reasoning *clearly applies to attorneys' fees*.") (emphases added).

47.    For purposes of removal, courts in the Ninth Circuit often use a rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *See Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1047 (9th Cir. 2002) (identifying "20-30% as the usual range" for attorneys' fees); *Nieves v. Centerra Integrated Fleet Servs., LLC*, No. CV 25-02729-MWF (JCX), 2025 WL 2155373, at *7 (C.D. Cal. July 29, 2025) ("[T]his Court and several other courts in this circuit have concluded 'a 25% attorneys' fee is a proper and commonly used benchmark.'") (citations omitted); *Rombaut v. U.S. Concepts LLC*, No. 2:25-CV-02802-AB (EX), 2025 WL 2044670, at *8 (C.D. Cal. July 18, 2025) (finding 25% of potential damages to be "a reasonable estimate of the amount in controversy for the attorneys' fees claim").

48.    "Substantial authority supports a 'benchmark' 25 percent attorneys' fees figure to be *added* to any claim for which attorneys' fees are available" for purposes of assessing the amount in controversy under CAFA. *Herrera v. Carmax Auto Superstores California, LLC*, No. EDCV14776MWFVBKX, 2014 WL 12586254, at *4 (C.D. Cal. June 12, 2014) (emphasis added); *see also, e.g.*, *Molnar v. 1-800-Flowers.com, Inc.*, 2009 WL 481618, *5 (C.D. Cal. Feb. 23, 2009) ("Applying a 25% fee estimate to the $2,931,794.63 compensatory damages figure . . . yields an attorneys' fee award of $732,948.65. Therefore, the Court includes this amount in determining the amount in controversy."); *Santos*, 2025 WL 2424357, at *6 ("[A]bsent any substantive argument as to why assuming 25 percent of the total award as attorneys' fees is unreasonable in this case, the Court finds Defendant's assumed attorneys' fees of $1,767,750.95, and the total proposed amount in controversy of $8,838,754.76 to be reasonable."); *Rombaut*, 2025 WL 2044670, at

1    *9 ("Since the Court finds that the amount in controversy, that is $4,767,094, is

2    supported by a preponderance of the evidence, the Court includes the $1,191,773 of

3    attorneys' fees in the total amount in controversy.").

4        49.    Plaintiffs' First Cause of Action seeks recovery of unpaid overtime

5    wages and an award of attorneys' fees pursuant to California Labor Code section

6    1194. Compl., ¶ 43. California Labor Code section 1194 authorizes an employee

7    "*receiving* less than the legal . . . overtime compensation applicable to the employee"

8    to "recover in a civil action the unpaid balance of the full amount of this . . . overtime

9    compensation [and] reasonable attorney's fees, and costs of suit." Cal. Lab. Code §

10   1194(a) (emphasis added).  Based on the above estimate of **$2,029,545.03** in overtime

11   wages placed in controversy on Plaintiffs' First Cause of Action, the amount of

12   attorneys' fees placed in controversy just as to that claim is at least **$507,386.26** (25%

13   x $2,029,545.03).

14       50.    Plaintiffs' Second Cause of Action seeks recovery of unpaid minimum

15   wages and liquidated damages and an award of attorneys' fees pursuant to California

16   Labor Code section 1194. Compl., ¶ 49. California Labor Code section 1194

17   authorizes an employee "*receiving* less than the legal minimum wage . . . applicable

18   to the employee" to recover reasonable attorney's fees.  Cal. Lab. Code § 1194(a)

19   (emphasis added). Based on the above estimate of **$1,098,132.40** in minimum wages

20   and liquidated damages placed in controversy on Plaintiffs' Second Cause of Action,

21   the amount of attorneys' fees placed in controversy just as to that claim is at least

22   **$274,533.10** (25% x $1,098,132.40).

23       51.    In the Complaint, Plaintiffs are seeking attorneys' fees for their claims

24   for meal and rest period premium pay.  Compl., ¶¶ 57, 65.  Based on the above

25   estimate of **$2,706,060.04** placed in controversy for Plaintiffs' Third and Fourth

26   Causes of Action for unpaid meal and rest period premiums, the amount of attorneys'

27   fees placed in controversy as to those claims is at least **$676,515.01** (25% x

28   $2,706,060.04).

52.     Plaintiffs' Sixth Cause of Action seeks penalties for non-compliant wage statements pursuant to California Labor Code section 226, plus "attorneys' fees, and costs of suit." Compl., ¶ 81. California Labor Code section 226 provides that an employee "suffering injury as a result of a knowing and intentional failure by an employer to" provide accurate, itemized wage statements "is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226. Based on the above estimate of **$444,100** in wage statement penalties placed in controversy on Plaintiffs' Sixth Cause of Action, the amount of attorneys' fees placed in controversy just as to that claim is at least **$111,025** (25% x $444,100).

53.     Considering only the amount in controversy for attorneys' fees for these causes of action, the additional amount placed in controversy is at least $**1,569,459.37**

54.     Thus, by conservative estimates, the amount placed in controversy by Plaintiffs' Complaint is at least **$13,676,055** ($12,106,596.47 + $1,569,459.37).

### 7.     Plaintiffs' Eighth Cause of Action Puts Additional Amounts in Controversy, Further Exceeding the CAFA Threshold.

55.     As shown above, using conservative and reasonable assumptions grounded in the allegations of the Complaint to calculate the amount in controversy, Moss Adams has demonstrated that Plaintiffs' claims for unpaid overtime, unpaid minimum wages, unpaid meal and rest period premiums, waiting time penalties, and failure to provide accurate, itemized wage statements, as well as their request for attorneys' fees for only five of their nine currently pled causes of action, place more than **$13,676,055** in controversy. However, in addition to this amount, Plaintiffs' eighth cause of action for violation of Labor Code Section 2802 places additional amounts in controversy, further exceeding the CAFA jurisdictional threshold.

## IV.     VENUE

56.     This action was originally filed in the Superior Court for the County of Los Angeles.  Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

1  **V.    NOTICE**

2      57.    Moss Adams will promptly serve this Notice of Removal on all parties

3  and will promptly file a copy of this Notice of Removal with the clerk of the state

4  court in which the action is pending, as required under 28 U.S.C. § 1446(d).

5  **VI.    CONCLUSION**

6      58.    Removal to this Court is proper under CAFA jurisdiction.    If any

7  question arises as to the propriety of the removal of this action, Moss Adams requests

8  the opportunity to present a brief and oral argument in support of its position that this

9  case is subject to removal.

10  Dated:        January 8, 2026                    MORGAN, LEWIS & BOCKIUS LLP

11

12

13                                          By    /s/ John S. Battenfeld
                                                  John S. Battenfeld
14                                                Nancy Nguyen
                                                  Mason J. Hattam
15                                                Attorneys for Defendant
                                                  MOSS ADAMS LLP, now known as
16                                                MOSS ADAMS ADVISORY
                                                  GROUP LP

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1

**BIBIYAN LAW GROUP, P.C.**

2  Robert D. Wilson III (Cal. Bar No. 226309)
  *robert@tomorrowlaw.com*

3  1460 Westwood Boulevard
  Los Angeles, California 90024

4  Tel: (310) 438-5555; Fax: (310) 300-1705

5  Attorney for Plaintiffs, BARRY BURNS and SAMANTHA ZUZUARREGUI,
  on behalf of all others similarly situated

6

7                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                       **FOR THE COUNTY OF LOS ANGELES**

9

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/29/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk

| | |
|---|---|
| 10  BARRY   BURNS   and   SAMANTHA ZUZUARREGUI, individuals and on behalf of 11  all others similarly situated, | CASE NO.: 25STCV28667 |
| | **CLASS ACTION COMPLAINT FOR:** |
| 12              Plaintiffs, | 1. FAILURE TO PAY OVERTIME WAGES; |
| 13         v. | 2. FAILURE TO PAY MINIMUM WAGES; |
| 14 | 3. FAILURE TO PROVIDE MEAL PERIODS; |
| 15 | 4. FAILURE TO PROVIDE REST PERIODS; |
| 16  MOSS ADAMS LLP, a Washington Limited Liability Partnership; and DOES 1 through 100, 17  inclusive, | 5. WAITING TIME PENALTIES; |
| | 6. WAGE STATEMENT VIOLATIONS; |
| 18              Defendants. | 7. FAILURE TO TIMELY PAY WAGES; |
| 19 | 8. FAILURE TO INDEMNIFY; |
| 20 | 9. UNFAIR COMPETITION. |
| 21 | **DEMAND FOR JURY TRIAL** |
| 22 | [Amount in Controversy Exceeds $35,000.00] |
| 23 | |

24

25

26

27

28

1      Plaintiffs BARRY BURNS and SAMANTHA ZUZUARREGUI, on behalf of Plaintiffs and

2  all others similarly situated, alleges as follows:

3  <div align="center">**GENERAL ALLEGATIONS**</div>

4  <div align="center">**INTRODUCTION**</div>

5      1.      This is a Class Action, pursuant to Code of Civil Procedure section 382, against MOSS

6  ADAMS LLP, and any of its respective subsidiaries or affiliated companies within the State of

7  California ("MOSS ADAMS"); and DOES 1 through 100, as further defined below, "Defendants")

8  on behalf of Plaintiffs and all other current and former non-exempt California employees employed

9  by or formerly employed by Defendants ("Class Members").

10  <div align="center">**PARTIES**</div>

11     **A.**    **Plaintiffs**

12      2.      Plaintiff BARRY BURNS is a resident of the State of California.  At all relevant times

13  herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed

14  Plaintiff as a non-exempt employee, with duties that included, but were not limited to, saving,

15  uploading and handling the archiving of client documentation in binders. Plaintiff is informed and

16  believes, and based thereon alleges, that Plaintiff BARRY BURNS worked for Defendants from

17  approximately February of 2025 through approximately March of 2025.

18      3.      Plaintiff SAMANTHA ZUZUARREGUI is a resident of the State of California.  At all

19  relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants

20  employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to,

21  filling, ordering and restocking, ordering kitchen snacks, sending notes to the IRS, and mailing.

22  Plaintiff is informed and believes, and based thereon alleges, that Plaintiff SAMANTHA

23  ZUZUARREGUI worked for Defendants from approximately June of 2023 through approximately

24  October of 2024.

25     **B.**    **Defendants**

26      4.      Plaintiffs are informed and believe and based thereon allege that defendant MOSS

27  ADAMS is, and at all times relevant hereto was, a Limited Liability Partnership organized and

28

existing under and by virtue of the laws of the State of Washington and doing business in the County of Los Angeles, State of California. At all relevant times herein, MOSS ADAMS employed Plaintiffs and similarly situated employees within the State of California.

5.      The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believes and based thereon allege that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

6.      Plaintiffs are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include MOSS ADAMS, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

### JOINT LIABILITY ALLEGATIONS

7.      Plaintiffs are informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8.      All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct

1  of said corporate employees, agents, and representatives, the defendant corporation respectively and
2  collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise
3  approved of each and all of the said acts and conduct of the aforementioned corporate employees,
4  agents and representatives.

5      9.      As a result of the aforementioned facts, Plaintiffs are informed and believe, and based
6  thereon allege that Defendants, and each of them, are joint employers.

7                                  **JURISDICTION**

8      10.     Jurisdiction exists in the Superior Court of the State of California pursuant to Code of
9  Civil Procedure section 410.10.

10     11.     Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure
11 sections 392, et seq. because, among other things,  Los Angeles County is where the causes of action
12 complained of herein arose; the county in which the employment relationship began; the county in
13 which performance of the employment contract, or part of it, between Plaintiffs and Defendants was
14 due to be performed; the county in which the employment contract, or part of it, between Plaintiffs
15 and Defendants was actually performed; and the county in which Defendants, or some of them, reside.
16 Moreover, the unlawful acts alleged herein have a direct effect on Plaintiffs and Class Members in
17 Los Angeles County, and because Defendants employ numerous Class Members in Los Angeles
18 County.

19                              **FACTUAL BACKGROUND**

20     12.     Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should
21 have known that Plaintiff and Class Members were entitled to receive at least minimum, regular,
22 overtime, and double times wages and that they were not receiving minimum, regular, overtime, and
23 double time wages for all work that was required to be performed.

24     13.     For at least four (4) years prior to the filing of this action and continuing to the present,
25 Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of
26 them, in violation of California state wage and hour laws.

27     14.     For at least four (4) years prior to the filing of this action and continuing to the present,
28

**CLASS ACTION COMPLAINT**

1  Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, or some of
2  them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiffs
3  and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven
4  consecutive work days in a work week without being properly compensated for hours worked in
5  excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours
6  worked on the seventh consecutive work day in a work week.

7       15.    On information and belief, Defendants did not accurately or appropriately compensate
8  Plaintiffs and Class Members for the hours worked by, among other things, failing to accurately track
9  and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or
10  permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and
11  Class Members: to complete post-shift tasks after clocking out, such as responding to calls, text and
12  emails after work hours. In addition, upon information and belief, Defendants detrimentally rounded,
13  edited and/or manipulated of time entries so the hours recorded were less than the hours actually
14  worked.

15      16.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should
16  have known that Plaintiffs and Class Members were entitled to receive a timely, off-duty,
17  uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour
18  of pay at their regular rate of pay when they did not receive a compliant meal period.

19      17.    For at least four (4) years prior to the filing of this Action and continuing to the present,
20  Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full,
21  timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5)
22  hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they
23  worked in excess of ten (10) hours in a work day, and failing to provide compensation for such
24  unprovided meal periods as required by California wage and hour laws.

25      18.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should
26  have known that Plaintiffs and Class Members were entitled to receive a ten-minute, off-duty,
27  uninterrupted rest period for every four (4) hours worked, or major fraction thereof, or payment of

28

one (1) additional hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period.

19.    For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiffs and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

20.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages.

21.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the requirements of Labor Code section 226. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to furnish Plaintiffs and Class Members with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a).  As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

22.    Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive their wages in a timely fashion. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants

1   have, at times, failed to pay Plaintiffs and Class Members, or some of them, the full amount of their
2   wages for labor performed in a timely fashion as required under Labor Code section 204.

3       23.      Plaintiffs are informed and believe, and thereon allege that Defendants knew or should
4   have known that Plaintiffs and Class Members were entitled to be reimbursed for necessary expenses
5   incurred in the discharge of their duties. For at least three (3) years prior to the filing of this action
6   and continuing to the present, Defendants have, at times, failed to indemnify Plaintiffs and Class
7   Members, or some of them, for the costs incurred in using cellular phones for work-related purposes.

8       24.      Plaintiffs are informed and believe, and thereon allege that Defendants knew or should
9   have known that Plaintiffs and Class Members were entitled to paid sick leave at their regular rate of
10   pay. For at least four (4) years prior to the filing of this action and continuing to the present,
11   Defendants have had a consistent policy of failing to provide Plaintiffs and Class Members with the
12   rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor
13   Code section 245, *et seq.*

14       25.      Plaintiffs, on their own behalf and on behalf of Class Members, brings this action
15   pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 204, 226, 226.7,
16   510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040,
17   seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest
18   periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to
19   indemnify work-related expenses, other such provisions of California law, and reasonable attorneys'
20   fees and costs.

21       26.      Plaintiffs, on Plaintiffs' own behalf and on behalf of Class Members, pursuant to
22   Business and Professions Code sections 17200 through 17208, also seeks (an) injunction(s)
23   prohibiting Defendants from further violating the Labor Code and requiring the establishment of
24   appropriate and effective means to prevent further violations, as well as all monies owed but withheld
25   and retained by Defendants to which Plaintiffs and Class Members are entitled, as well as restitution
26   of amounts owed.

27   / / / /

28

1

**CLASS ACTION ALLEGATIONS**

2    27.    Plaintiffs bring this action on behalf of Plaintiffs and Class Members as a class action

3  pursuant to Code of Civil Procedure section 382.  Plaintiffs seek to represent a class of all current and

4  former non-exempt employees of Defendants within the State of California at any time commencing

5  four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice of the class

6  action is provided to the class (collectively referred to as "Class Members").

7    28.    Plaintiffs reserve the right under California Rule of Court rule 3.765, subdivision (b)

8  to amend or modify the class description with greater specificity, further divide the defined class into

9  subclasses, and to further specify or limit the issues for which certification is sought.

10    29.    This action has been brought and may properly be maintained as a class action under

11  the provisions of Code of Civil Procedure section 382 because there is a well-defined community of

12  interest in the litigation and the proposed Class is easily ascertainable.

13    A.    **Numerosity**

14    30.    The potential Class Members as defined are so numerous that joinder of all the

15  members of the Class is impracticable. While the precise number of Class Members has not been

16  determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members

17  employed by Defendants within the State of California.

18    31.    Accounting for employee turnover during the relevant periods necessarily increases

19  this number.  Plaintiffs allege Defendants' employment records would provide information as to the

20  number and location of all Class Members.  Joinder of all members of the proposed Class is not

21  practicable.

22    B.    **Commonality**

23    32.    There are questions of law and fact common to Class Members.  These common

24  questions include, but are not limited to:

25    A.    Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours

26        worked at a proper overtime rate of pay?

27    B.    Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for

28

8
CLASS ACTION COMPLAINT

1    all other time worked at the employee's regular rate of pay?

2    C.   Did Defendants violate Labor Code section 512 by not authorizing or permitting Class
3         Members to take compliant meal periods?

4    D.   Did Defendants violate Labor Code section 226.7 by not providing Class Members
5         with additional wages for missed or interrupted meal periods?

6    E.   Did Defendants violate applicable Wage Orders by not authorizing or permitting Class
7         Members to take compliant rest periods?

8    F.   Did Defendants violate Labor Code section 226.7 by not providing Class Members
9         with additional wages for missed rest periods?

10   G.   Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class
11        Members upon termination or resignation all wages earned?

12   H.   Are Defendants liable to Class Members for waiting time penalties under Labor Code
13        section 203?

14   I.   Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing
15        Class Members with accurate wage statements?

16   J.   Did Defendants fail to pay Class Members in a timely fashion as required under Labor
17        Code section 204?

18   K.   Did Defendants fail to indemnify Class Members for all necessary expenditures or
19        losses incurred in direct consequence of the discharge of their duties or by obedience
20        to the directions of Defendants as required under Labor Code section 2802?

21   L.   Did Defendants violate the Unfair Competition Law, Business and Professions Code
22        section 17200, *et seq.*, by their unlawful practices as alleged herein?

23   M.   Are Class Members entitled to restitution of wages under Business and Professions
24        Code section 17203?

25   N.   Are Class Members entitled to costs and attorneys' fees?

26   O.   Are Class Members entitled to interest?

27   / / / /

28

9
CLASS ACTION COMPLAINT

1          **C.        Typicality**

2          33.        The claims of Plaintiffs herein alleged are typical of those claims which could be

3     alleged by any Class Members, and the relief sought is typical of the relief which would be sought by

4     each Class Member in separate actions.  Plaintiffs and Class Members sustained injuries and damages

5     arising out of and caused by Defendants' common course of conduct in violation of laws and

6     regulations that have the force and effect of law and statutes as alleged herein.

7          **D.        Adequacy of Representation**

8          34.        Plaintiffs will fairly and adequately represent and protect the interest of Class

9     Members.  Counsel who represents Plaintiffs are competent and experienced in litigating wage and

10    hour class actions.

11         **E.        Superiority of Class Action**

12         35.        A class action is superior to other available means for the fair and efficient adjudication

13    of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law

14    and fact common to Class Members predominate over any questions affecting only individual Class

15    Members.  Class Members, as further described therein, have been damaged and are entitled to

16    recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the

17    Labor Code at times, as set out herein.

18         36.        Class action treatment will allow Class Members to litigate their claims in a manner

19    that is most efficient and economical for the parties and the judicial system.  Plaintiffs are unaware of

20    any difficulties that are likely to be encountered in the management of this action that would preclude

21    its maintenance as a class action.

22                                    **FIRST CAUSE OF ACTION**

23                       **(Failure to Pay Overtime Wages – Against All Defendants)**

24         37.        Plaintiffs reallege and incorporate by reference all of the allegations contained in the

25    preceding paragraphs as though fully set forth hereat.

26         38.        At all relevant times, Plaintiffs and Class Members were employees or former

27    employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable

28

1  Wage Orders.

2      39.    At all times relevant to this Complaint, Labor Code section 510 was in effect and
3  provided: "(a) Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in
4  one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at
5  the rate of no less than one and one-half times the regular rate of pay for an employee."

6      40.    At all times relevant to this Complaint, Labor Code section 510 further provided that
7  "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice
8  the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh
9  day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

10      41.    Four (4) years prior to the filing of the Complaint in this Action through the present,
11  Plaintiffs and Class Members, at times, worked for Defendants during shifts that consisted of more
12  than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7)
13  consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a
14  result of, including but not limited to, Defendants, failing to accurately track and/or pay for all minutes
15  actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to
16  work off the clock, including, without limitation, by requiring Plaintiff and Class Members to
17  complete post-shift tasks after clocking out, such as responding to calls, text and emails after work
18  hours. In addition, upon information and belief, Defendants detrimentally rounded, edited and/or
19  manipulated of time entries so the hours recorded were less than the hours actually worked.

20      42.    Accordingly, by requiring Plaintiffs and Class Members to, at times, worked greater
21  than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays
22  without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on
23  occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and
24  applicable IWC Wage Orders, and California law.

25      43.    As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been
26  deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus
27  interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and

28

1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## SECOND CAUSE OF ACTION

### (Failure to Pay Minimum Wages – Against All Defendants)

44.     Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

45.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

46.     Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiffs and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

47.     For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to complete post-shift tasks after clocking out, such as responding to calls, text and emails after work hours. In addition, upon information and belief, Defendants detrimentally rounded, edited and/or manipulated of time entries so the hours recorded were less than the hours actually worked.

48.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

49.     Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

### (Failure to Provide Meal Periods – Against All Defendants)

50.     Plaintiffs reallege and incorporate by reference all of the allegations contained in the

1 preceding paragraphs as though fully set forth hereat.

2    51.   At all relevant times, Plaintiffs and Class Members were employees or former
3 employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

4    52.   Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall
5 employ an employee for a work period of more than five (5) hours without a timely meal break of not
6 less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore,
7 no employer shall employ an employee for a work period of more than ten (10) hours per day without
8 providing the employee with a second timely meal period of not less than thirty (30) minutes in which
9 the employee is relieved of all of his or her duties.

10    53.   Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
11 with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission,
12 the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of
13 compensation for each workday that the meal period is not provided.

14    54.   For four (4) years prior to the filing of the Complaint in this Action through the present,
15 Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free
16 uninterrupted meal periods every five hours of work without waiving the right to take them, as
17 permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class
18 Member's regular rate of compensation on the occasions that Class Members were not provided
19 compliant meal periods.

20    55.   By their failure to provide Plaintiffs and Class Members compliant meal periods as
21 contemplated by Labor Code section 512, among other California authorities, and failing, at times, to
22 provide compensation for such unprovided meal periods, as alleged above, Defendants willfully
23 violated the provisions of Labor Code section 512 and applicable Wage Orders.

24    56.   As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have
25 suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed
26 for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

27    57.   Plaintiffs and Class Members are entitled to recover the full amount of their unpaid

28

1  additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus
2  interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7,
3  Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

4  ### FOURTH CAUSE OF ACTION

5  **(Failure to Provide Rest Periods – Against All Defendants)**

6  58.  Plaintiffs reallege and incorporate by reference all of the allegations contained in the
7  preceding paragraphs as though fully set forth hereat.

8  59.  At all relevant times, Plaintiffs and Class Members were employees or former
9  employees of Defendants covered by applicable Wage Orders.

10  60.  California law and applicable Wage Orders require that employers "authorize and
11  permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work
12  period "or major fraction thereof."  Accordingly, employees who work shifts of three and-a-half (3
13  ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts
14  of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest
15  period, and employees who work shifts of more than ten (10) hours must be provided thirty (30)
16  minutes of paid rest period.

17  61.  Pursuant to Labor Code section 226.7, if an employer fails to provide an employee
18  with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare
19  Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's
20  regular rate of compensation for each work day that the rest period is not provided.

21  62.  For four (4) years prior to the filing of the Complaint in this Action through the present,
22  Plaintiffs and Class Members were, at times, not authorized or permitted to take complete, timely 10-
23  minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof.
24  Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's
25  regular rate of compensation on the occasions that Class Members were not authorized or permitted
26  to take compliant rest periods.

27  63.  By their failure, at times, to authorize and permit Plaintiffs and Class Members to take

28

1  rest periods contemplated by California law, and one (1) additional hour of pay at the employee's

2  regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully

3  violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

4      64.    As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

5  suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed

6  for rest periods that they were not authorized or permitted to take.

7      65.    Plaintiffs and Class Members are entitled to recover the full amount of their unpaid

8  additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest

9  and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of

10  Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

11  <center>**FIFTH CAUSE OF ACTION**</center>

12  <center>**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**</center>

13      66.    Plaintiffs reallege and incorporate by reference all of the allegations contained in the

14  preceding paragraphs as though fully set forth hereat.

15      67.    At all relevant times, Plaintiffs and Class Members were employees or former

16  employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable

17  Wage Orders.

18      68.    Pursuant to Labor Code sections 201 and 202, Plaintiffs and Class Members were

19  entitled upon termination to timely payment of all wages earned and unpaid prior to termination.

20  Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge

21  immediately upon termination.  Class Members who resigned were entitled to payment of all wages

22  earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they

23  gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the

24  time of resignation.

25      69.    Plaintiffs are informed and believe, and based thereon allege, that in the three (3) years

26  before the filing of the Complaint in this Action through the present, Defendants, due to the failure,

27  at times, to provide overtime wages mentioned above, failed to pay Plaintiffs and Class Members all

28

wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

70.     Plaintiffs are informed and believes Defendants' failure, at times, to pay Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code sections 201 and 202 was willful.  Defendants had the ability to pay all wages earned by Plaintiffs and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

71.     Pursuant to Labor Code section 203, Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

72.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

73.     Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

**SIXTH CAUSE OF ACTION**

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

74.     Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

75.     At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

76.     Pursuant to Labor Code section 226, subdivision (a), Plaintiffs and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number

of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things

77.     Plaintiffs are informed and believe, and based thereon allege, that in the one (1) year before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things

78.     Defendants' failure to, at times, provide Plaintiffs and Class Members with accurate wage statements was knowing, intentional, and willful.  Defendants had the ability to provide Plaintiffs and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

79.     As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered injury.  The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

80.     Pursuant to Labor Code section 226, subdivision (e), Plaintiffs and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

81.     Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full

1  amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees,

2  and costs of suit.

3  <center>**SEVENTH CAUSE OF ACTION**</center>

4  <center>**(Failure to Timely Pay Wages During Employment – Against All Defendants)**</center>

5      82.    Plaintiffs reallege each and every allegation set forth in the preceding paragraphs and

6  incorporate each by reference as though fully set forth hereat.

7      83.    At all relevant times, Plaintiffs and Class Members were employees or former

8  employees of Defendants covered by Labor Code section 204 and applicable Wage Orders.

9      84.    Labor Code section 204 provides that "[l]abor performed between the 1st and 15th days,

10  inclusive, of any calendar month shall be paid for between the 16th and 26th day of the month during

11  which the labor was performed, and labor performed between the 16th and the last day, inclusive, of

12  any calendar month, shall be paid for between the 1st and 10th day of the following month."

13      85.    Labor Code section 210, subdivision (a) states that "[i]n addition to, and entirely

14  independent and apart from, any other penalty provided in this article, every person who fails to pay

15  the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and

16  1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars

17  ($100) for each failure to pay each employee" and "(2) For each subsequent violation, or any willful

18  or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25

19  percent of the amount unlawfully withheld."

20      86.    Plaintiffs are informed and believes, and based thereon allege, that in the one (1) year

21  before the filing of the Complaint in this Action through the present, Defendants employed policies

22  and practices that resulted in, at times, not paying Plaintiffs and Class Members in accordance with

23  Labor Code section 204.

24      87.    Pursuant to Labor Code section 210, Plaintiffs and Class Members are entitled to

25  recover penalties for Defendants' violations of Labor Code section 204, in the amount of one hundred

26  dollars ($100) for each initial violation per Class Member, and two hundred dollars ($200) for each

27  subsequent violation in connection with each payment that was made in violation of Labor Code

28

1    section 204 per Class Member, plus 25 percent of the amount unlawfully withheld.

2    88.      Pursuant to Labor Code section 218.6, Code of Civil Procedure sections 1021.5 and

3    1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recovery of penalties,

4    interest, and their costs of suit, as well.

5    <div align="center">**EIGHTH CAUSE OF ACTION**</div>

6    <div align="center">**(Violation of Labor Code § 2802 – Against All Defendants)**</div>

7    89.      Plaintiffs reallege and incorporates by reference all of the allegations contained in the

8    preceding paragraphs as though fully set forth hereat.

9    90.      At all relevant times, Plaintiffs and Class Members were employees or former

10    employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

11    91.      Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify

12    his or her employee for all necessary expenditures or losses incurred by the employee in direct

13    consequence of the discharge of his or her duties . . ."

14    92.      For three (3) years prior to the filing of the Complaint in this Action through the

15    present, Defendants required Plaintiffs and Class Members, or some of them, to incur, at times,

16    necessary expenditures or losses in direct consequence of the discharge of their duties or at the

17    obedience to the directions of Defendants that included, without limitation: using personal cellular

18    phones for work-related purposes.

19    93.      During that time period, Plaintiffs are informed and believe, and based thereon allege

20    that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class

21    Members for those losses and/or expenditures.

22    94.      As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have

23    suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-

24    described losses and/or expenditures.

25    95.      Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and

26    1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover

27    reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and

28

1 costs of suit.

2 ### NINTH CAUSE OF ACTION

3 ### (Unfair Competition – Against All Defendants)

4 96.    Plaintiffs reallege and incorporate by reference all of the allegations contained in the

5 preceding paragraphs as though fully set forth hereat.

6 97.    Plaintiffs are informed and believe and based thereon allege that the unlawful conduct

7 of Defendants alleged herein constitutes unfair competition within the meaning of Business and

8 Professions Code section 17200. Plaintiffs are further informed and believe and based thereon allege

9 that in addition to the unlawful conduct of Defendants alleged in the preceding paragraphs, for at least

10 four (4) years prior to the filing of this action and continuing to the present, Defendants have had a

11 consistent policy of failing to provide Plaintiffs and similarly situated employees or former employees

12 within the State of California with the rights provided to them under the Healthy Workplace Heathy

13 Families Act of 2014, codified at Labor Code section 245, *et seq.*  Due to their unlawful business

14 practices in violation of the Labor Code, Defendants have gained a competitive advantage over other

15 comparable companies doing business in the State of California that comply with their obligations to

16 compensate employees in accordance with the Labor Code.

17 98.    As a result of Defendants' unfair competition as alleged herein, Plaintiffs and Class

18 Members have suffered injury in fact and lost money or property.

19 99.    Moreover, as a result of Defendants' unfair competition, as alleged herein, the public

20 has suffered injury.  Defendants' Labor Code violations provide them with an unfair competitive

21 advantage against other California employers.  Pursuant to Business and Professions Code sections

22 17203 and 17204, Plaintiffs seek public injunctive relief for the benefit of the general public that

23 prohibits Defendants from further violating the Labor Code and requiring the establishment of

24 appropriate and effective means to prevent further violations. This relief benefits Plaintiffs only

25 incidentally and as a member of the general public.  The primary purpose and effect of this prohibition

26 is to prohibit unlawful acts that threaten future injury to the general public by means of Defendants'

27 unlawful competition with other California employers.  (*McGill v. CitiBank, N.A.* (2017) 2 Cal.5th

28

1  945, 954; *accord* at 957.)

2  100.   As a distinct ground, Plaintiffs seek under Labor Code section 17203 restitution of all

3  wages and other monies owed to them under the Labor Code, including interest thereon, in which

4  Plaintiffs and Class Members had a property interest and which Defendants nevertheless failed to pay

5  them and instead withheld and retained for themselves.  Restitution of the money owed to Plaintiffs

6  and Class Members is necessary to prevent Defendants from becoming unjustly enriched by their

7  failure to comply with the Labor Code.

8  101.   Plaintiffs and Class Members are entitled to costs of suit under Code of Civil Procedure

9  section 1032 and interest under Civil Code section 3287.

10  **DEMAND FOR JURY TRIAL**

11  102.   Plaintiffs demand a trial by jury on all causes of action contained herein.

12  **PRAYER**

13  WHEREFORE, on behalf of Plaintiffs and Class Members, Plaintiff prays for judgment

14  against Defendants as follows:

15  A.   An order certifying this case as a Class Action;

16  B.   An Order appointing Plaintiff as Class representative and appointing Plaintiffs'

17  counsel as class counsel;

18  C.   Damages for all wages earned and owed, including minimum and overtime wages,

19  under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

20  D.   Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

21  E.   Damages for unpaid premium wages from missed meal and rest periods under,

22  among other Labor Code sections, 512, 558.1 and 226.7;

23  F.   Penalties for inaccurate wage statements under Labor Code sections 226, subdivision

24  (e) and 558.1;

25  G.   Waiting time penalties under Labor Code sections 203 and 558.1;

26  H.   Penalties to timely pay wages under Labor Code section 210;

27  I.   Damages under Labor Code sections 2802 and 558.1;

28

J.      Preliminary and permanent injunctions prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations;

K.      Preliminary and permanent public injunctions under Labor Code section 17200, *et seq*. imposed for the benefit of the public prohibiting Defendants from further violating the California Labor Code and requiring the establishment of appropriate and effective means to prevent future violations, thus permitting proper competition by other California employers;

L.      Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

M.      Prejudgment and post-judgment interest at the maximum rate allowed by law;

N.      For attorneys' fees in prosecuting this action;

O.      For costs of suit incurred herein; and

P.      For such other and further relief as the Court deems just and proper.

Dated:  September 26, 2025              BIBIYAN LAW GROUP, P.C.


                                        BY:    */s/ Robert D. Wilson III*
                                               Robert D. Wilson III

                                        Attorney for Plaintiffs BARRY BURNS and SAMANTHA ZUZUARREGUI, and on behalf of all others similarly situated

# EXHIBIT B

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MOSS ADAMS LLP, a Washington Limited Liability Partnership; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* BARRY BURNS and
SAMANTHA ZUZURREGUI, individuals and on behalf of all others
similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/29/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Covarrubias, Deputy Clerk**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California County of Los Angeles - Stanley Mosk Courthouse 111 N Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* **25STCV28667** |

David W. Slayton, Executive Officer/Clerk of Cour

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Bibiyan Law Group, P.C., Robert D. Wilson III, 1460 Westwood Blvd, Los Angeles, California, 90024, 310-438-5555

| DATE: 09/29/2025 *(Fecha)* | Clerk, by *(Secretario)* J. Covarrubias | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* MOSS ADAMS LLP, a Washington Limited Liability Partnership

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
      ☑ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courts.ca.gov |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>BIBIYAN LAW GROUP, P.C. Robert D. Wilson III (Cal. Bar No. 226309)<br>1460 Westwood Boulevard Los Angeles, California 90024 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: 310-438-5555          FAX NO.: 310-300-1705<br>EMAIL ADDRESS: robert@tomorrowlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs, BARRY BURNS and SAMANTHA ZUZUARREGUI | **Electronically FILED by**<br>**Superior Court of California,**<br>**County of Los Angeles**<br>9/29/2025 12:00 AM<br>David W. Slayton,<br>**Executive Officer/Clerk of Court,**<br>**By J. Covarrubias, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
BURNS, ZUZUARREGUI V. MOSS ADAMS LLP, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV28667 |
| | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties        d. [x] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more
          issues that will be time-consuming to resolve                courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence                  court
                                                                 f. [x] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: Nine (09)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 09/26/2025

Robert D. Wilson III                                          ▶  /s/ Robert D. Wilson III
_____                              _____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner
    Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic*
    *relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear

| SHORT TITLE | CASE NUMBER |
|---|---|
| BURNS, ZUZUARREGUI V. MOSS ADAMS LLP, et al. | 25STCV28667 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| BURNS, ZUZUARREGUI V. MOSS ADAMS LLP, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| BURNS, ZUZUARREGUI V. MOSS ADAMS LLP, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| BURNS, ZUZUARREGUI V. MOSS ADAMS LLP, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE<br>BURNS, ZUZUARREGUI V. MOSS ADAMS LLP, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | | | ADDRESS:<br>225 S. Lake Ave. Suite 900 |
|---|---|---|---|
| CITY:<br>Pasadena | STATE:<br>CA | ZIP CODE:<br>91101 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_____
District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _09/26/2025_____

*Robert D. Wilson III*
_____

(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**25STCV28667**
**BARRY BURNS, et al. vs MOSS ADAMS LLP, A
WASHINGTON LIMITED LIABILITY PARTNERSHIP**

October 15, 2025
11:19 AM

| | |
|---|---|
| Judge: Honorable Theresa M. Traber | CSR: None |
| Judicial Assistant: A. He | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 01/21/2026 at 08:30 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 1

**25STCV28667**
**BARRY BURNS, et al. vs MOSS ADAMS LLP, A**
**WASHINGTON LIMITED LIABILITY PARTNERSHIP**

October 15, 2025
11:19 AM

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: A. He                    ERM: None
Courtroom Assistant: None                    Deputy Sheriff: None

---

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to
Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended
Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a
Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to
https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for
"Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's
First Amended General Order of May 3, 2019, particularly including the provisions therein
requiring Bookmarking with links to primary documents and citations; that Order is available on
the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every
new case to use an approved third-party cloud service that provides an electronic message board.
In order to facilitate communication with counsel prior to the Initial Status Conference, the
parties must sign-up with the e-service provider at least ten (10) court days in advance of the
Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and
parties to make audio or video appearances in Los Angeles County courtrooms.
LACourtConnect technology provides a secure, safe and convenient way to attend hearings
remotely. A key element of the Court's Access LACourt YOUR WAY program to provide
services and access to justice, LACourtConnect is intended to enhance social distancing and
change the traditional in-person courtroom appearance model. See
https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS")
portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the
Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1
is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own
arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information
on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

---

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**25STCV28667**                                           October 15, 2025
**BARRY BURNS, et al. vs MOSS ADAMS LLP, A**              11:19 AM
**WASHINGTON LIMITED LIABILITY PARTNERSHIP**


Judge: Honorable Theresa M. Traber        CSR: None
Judicial Assistant: A. He                 ERM: None
Courtroom Assistant: None                 Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the
Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Certificate of Service is attached.

**FILED**
Superior Court of California
County of Los Angeles

10/15/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. Ha _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| BARRY BURNS and SAMANTHA ZUZUARREGUI, individuals and on behalf of all others similarly situated, | Case No.: 25STCV28667 |
| | **INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)** |
| Plaintiff(s), | Case Assigned for All Purposes to Judge Theresa M. Traber |
| v. | |
| MOSS ADAMS LLP, a Washington Limited Liability Partnership, | Department 1 Spring Street Courthouse |
| Defendant(s). | |

This action has been designated as complex pursuant to CRC 3.400(a), and thus requires exceptional judicial management to carry out the purposes of that rule and to promote effective decision-making by the Court. This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions. Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The Court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1.    **PARTIES AND COUNSEL:** Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.    **STATUS OF PLEADINGS:** Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3.    **POTENTIAL ADDITIONAL PARTIES:** Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added. Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added. Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4.    **IMPROPERLY NAMED DEFENDANT(S):** If the complaint names the wrong person

2

or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

5.    **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

6.    **ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

7.    **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

8.    **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach any relevant document a  plaintiff has signed or a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

9.    **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, specifically considering the following:

■  Motion to Compel Arbitration,

■  Early motions in limine,

■  Early motions about particular jury instructions and verdict forms,

■  Demurrers,

■  Motions to strike,

■  Motions for judgment on the pleadings, and

■  Motions for summary judgment and summary adjudication.

**10.    CLASS CONTACT INFORMATION:** Counsel should discuss whether obtaining class contact information from defendant' s records is necessary in this case and, if so,  whether the parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior Court* (2007) 149 Cal.App.4th 554, 561). Counsel should address timing and procedure, including allocation of cost and the necessity of a third party administrator.

**11.    PROTECTIVE ORDERS:** Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

**12.    DISCOVERY:** Discovery is stayed until further order of the Court.  Please discuss a discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.  The court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

13.    **INSURANCE COVERAGE:** Please state if (1) there is insurance for indemnity or reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14.    **ALTERNATIVE DISPUTE RESOLUTION:** Please discuss ADR and state each party's position about it.  If pertinent, how can the court help to identify the best neutral and prepare the case for a successful settlement negotiation?

15.    **TIMELINE FOR CASE MANAGEMENT:** Please recommend dates and times for the following:

■ The next status conference,

■ A schedule for alternative dispute resolution, if it is relevant,

---

[1] See California Rule of Court, Rule 3.768.

4

- A filing deadline for the motion for class certification, and

- Filing deadlines and descriptions for other anticipated non-discovery motions.

16.    **REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

17.    **REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**  To obtain approval of a class action settlement, the parties should strictly adhere to the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators.  See the link to same in the Minute Order served concurrently herewith.  Plaintiff(s) must address any fee-splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769 and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal. App. 4th 219.

**18.    REMINDER WHEN USING THE MESSAGE BOARD:**  The court requires a pre-motion conference before any motion is filed, including discovery motions.  Counsel shall jointly post a *brief* statement on the message board setting forth the discovery in dispute or the essential issue(s) to be decided in the motion.  The court either will hold a prompt informal conference with the parties to discuss the dispute or tell the parties to call courtroom staff to obtain a motion date.  If one side refuses to state its position in a joint posting after a reasonable request from opposing counsel, the opposing counsel may post a message unilaterally.

---

[2] California Rule of Court, Rule 3.770(a)

19.    **NOTICE OF THE ISC ORDER:**   Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.  Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number).  The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

20.    **e-SERVICE PROVIDER:**   The parties should refer to the Court's website for the list of e-service providers which are approved for complex cases.  The parties must sign up with the provider at least ten days in advance of the Initial Status Conference and advise the Court, via email to sscdept1@lacourt.org, which provider was selected.  While the parties are free to choose any approved service, Department 1 prefers CaseAnywhere

Dated: October 15, 2025



Theresa M. Traber / Judge

Hon. Theresa M. Traber
Judge of the Los Angeles Superior Court

6

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA, 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>10/15/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ A. He _____ Deputy |
| PLAINTIFF(S)/PETITIONER(S):<br>Barry Burns  et al | |
| DEFENDANT(S)/RESPONDENT(S):<br>Moss Adams LLP | |
| **CLERK'S CERTIFICATE OF SERVICE<br>BY ELECTRONIC SERVICE** | CASE NUMBER:<br>25STCV28667 |

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Minute Order of 10/15/2025**
**Initial Status Conference Order of 10/15/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Robert Wilson, III" <robert@tomorrowlaw.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

Dated: 10/15/2025                        David W. Slayton, Executive Officer / Clerk of Court

By:  A. He _____
                                    Deputy Clerk

**Page 1 of 1**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

### NOTICE OF CASE ASSIGNMENT

### UNLIMITED CIVIL CASE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/29/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ J. Covarrubias _____ Deputy

**Your case is assigned for all purposes to the judicial officer indicated below.**

CASE NUMBER:
25STCV28667

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Theresa M. Traber | 1 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record   David W. Slayton, Executive Officer / Clerk of Court

on 10/01/2025
   (Date)

By J. Covarrubias _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**
- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**
- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

### Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

 Superior Court of California, County of Los Angeles

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at ***www.lacourt.org*** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

      iii.    Be filed within two (2) court days of receipt of the Request; and

      iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

   c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

   d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

   e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

➤ (ATTORNEY FOR _____ )

| Print | Save | | Clear |
|---|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:              FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| Print | Save | | Clear |

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date:    _____

_____
JUDICIAL OFFICER

| Print | | Save | | | Clear |
|---|---|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

1   d)  Documents in Related Cases

2       Documents in related cases must be electronically filed in the eFiling portal for that case type if

3       electronic filing has been implemented in that case type, regardless of whether the case has

4       been related to a Civil case.

5   3)  EXEMPT LITIGANTS

6   a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7       from mandatory electronic filing requirements.

8   b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9       Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10      from filing documents electronically and be permitted to file documents by conventional

11      means if the party shows undue hardship or significant prejudice.

12  4)  EXEMPT FILINGS

13  a)  The following documents shall not be filed electronically:

14      i)    Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15            Civil Procedure sections 170.6 or 170.3;

16      ii)   Bonds/Undertaking documents;

17      iii)  Trial and Evidentiary Hearing Exhibits

18      iv)   Any ex parte application that is filed concurrently with a new complaint including those

19            that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20      v)    Documents submitted conditionally under seal.  The actual motion or application shall be

21            electronically filed.  A courtesy copy of the electronically filed motion or application to

22            submit documents conditionally under seal must be provided with the documents

23            submitted conditionally under seal.

24  b)  Lodgments

25      Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26  paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27  //

28  //

3

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i) Depositions;

   ii) Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv) Transcripts (including excerpts within transcripts);

   v) Points and Authorities;

   vi) Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

   Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

   Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day before the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)    Any printed document required pursuant to a Standing or General Order;

   ii)   Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii)  Pleadings and motions that include points and authorities;

   iv)   Demurrers;

   v)    Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)   Motions for Summary Judgment/Adjudication; and

   vii)  Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10     DATED:  May 3, 2019                          

11                                                  KEVIN C. BRAZILE
                                                    Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 1

**25STCV28667**                                                           October 15, 2025
**BARRY BURNS, et al. vs MOSS ADAMS LLP, A**                              11:19 AM
**WASHINGTON LIMITED LIABILITY PARTNERSHIP**

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: A. He                   ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Scheduling Initial Status Conference

By this order, the Court determines this case to be Complex according to Rule 3.400 of the
California Rules of Court. The Clerk's Office has assigned this case to this department for all
purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one
thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex
fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent
or adverse party, not to exceed, for each separate case number, a total of eighteen thousand
dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.
All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of
service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The
stay continues at least until the Initial Status Conference. Initial Status Conference is set for
01/21/2026 at 08:30 AM in this department. At least ten (10) days prior to the Initial Status
Conference, counsel for all parties must discuss the issues set forth in the Initial Status
Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response
Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the
Court and the parties manage this complex case by developing an orderly schedule for briefing,
discovery, and court hearings. The parties are informally encouraged to exchange documents and
information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice
of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of
Appearance shall not constitute a waiver of any substantive or procedural challenge to the

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### Civil Division
Central District, Spring Street Courthouse, Department 1

**25STCV28667**                                              October 15, 2025
**BARRY BURNS, et al. vs MOSS ADAMS LLP, A**                      11:19 AM
**WASHINGTON LIMITED LIABILITY PARTNERSHIP**

Judge: Honorable Theresa M. Traber          CSR: None
Judicial Assistant: A. He                   ERM: None
Courtroom Assistant: None                   Deputy Sheriff: None

Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 1

**25STCV28667**                                                October 15, 2025
**BARRY BURNS, et al. vs MOSS ADAMS LLP, A**                    11:19 AM
**WASHINGTON LIMITED LIABILITY PARTNERSHIP**

| | |
|---|---|
| Judge: Honorable Theresa M. Traber | CSR: None |
| Judicial Assistant: A. He | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

Counsel are directed to access the following link for further information on procedures in the
Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference
Order on all parties forthwith and file a Proof of Service in this department within seven (7) days
of service.

Certificate of Service is attached.

**FILED**
Superior Court of California
County of Los Angeles

**10/15/2025**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ A. He _____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| BARRY BURNS and SAMANTHA ZUZUARREGUI, individuals and on behalf of all others similarly situated, | Case No.: 25STCV28667 |
|  | **INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS)** |
| Plaintiff(s), | Case Assigned for All Purposes to Judge Theresa M. Traber |
| v. | |
| MOSS ADAMS LLP, a Washington Limited Liability Partnership, | Department 1 Spring Street Courthouse |
| Defendant(s). | |

This action has been designated as complex pursuant to CRC 3.400(a), and thus requires exceptional judicial management to carry out the purposes of that rule and to promote effective decision-making by the Court. This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference and includes many other important provisions which are NOT repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Note: Some provisions of this Order are in reference to wage-and-hour class actions and may not be applicable to other types of class actions.  Insofar as they are irrelevant to your case, say so in your Joint Initial Status Conference Response Statement.

Pending further order, the following is ordered:

The Court orders counsel to prepare for the Initial Status Conference ("ISC") by identifying and discussing the central legal and factual issues in the case.  Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as much as possible, on a case management plan.  To this end, counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.  The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement).

1.    **PARTIES AND COUNSEL:**  Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.    **STATUS OF PLEADINGS:**  Please indicate whether defendant has filed a Notice of Appearance or an Answer to the Complaint, and, if so, indicate the filing date(s).

3.    **POTENTIAL ADDITIONAL PARTIES:**  Indicate whether any plaintiff presently intends to add additional class representatives, and, if so, the name(s) and date by which these class representatives will be added.  Indicate whether any plaintiff presently intends to name additional defendants, and, if so, the name(s) and date by which the defendant(s) will be added.  Indicate whether any appearing defendant presently intends to file a cross-complaint and, if so, the names of cross-defendants and the date by which the cross-complaint will be filed.

4.    **IMPROPERLY NAMED DEFENDANT(S):**  If the complaint names the wrong person

2

or entity, please explain why the named defendant is improperly named and the proposed procedure to correct this error.

     5.    **ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S):**  If any party believes one or more named plaintiffs might not be an adequate class representative, including reasons of conflict of interest as described in *Apple Computer v. Superior Court* (2005) 126 Cal.App.4th 1253, please explain.  No prejudice will attach to these responses.

     6.    **ESTIMATED CLASS SIZE:**  Please discuss and indicate the estimated class size.

     7.    **OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS:**  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

     8.    **POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES:**  Please state whether arbitration is an issue in this case and attach any relevant document a  plaintiff has signed or a sample of any relevant clause of this sort.   Opposing parties must summarize their views on this issue.

     9.    **POTENTIAL EARLY CRUCIAL MOTIONS:**  Opposing counsel should identify and describe the significant core issues in the case, and then identify efficient ways to resolve those issues, specifically considering the following:

- Motion to Compel Arbitration,
- Early motions in limine,
- Early motions about particular jury instructions and verdict forms,
- Demurrers,
- Motions to strike,
- Motions for judgment on the pleadings, and
- Motions for summary judgment and summary adjudication.

**10.    CLASS CONTACT INFORMATION:**  Counsel should discuss whether obtaining

class contact information from defendant' s records is necessary in this case and, if so,  whether the

parties consent to an "opt-out" notice process (as approved in *Belaire-West Landscape, Inc. v. Superior*

*Court* (2007) 149 Cal.App.4th 554, 561).  Counsel should address timing and procedure, including

allocation of cost and the necessity of a third party administrator.

**11.    PROTECTIVE ORDERS:**  Parties considering an order to protect confidential

information from general disclosure should begin with the model protective orders found on the Los

Angeles Superior Court Website under "Civil Tools for Litigators."

**12.    DISCOVERY:**  Discovery is stayed until further order of the Court.  Please discuss a

discovery plan.  If the parties cannot agree on a plan, summarize each side's views on discovery.  The

court generally allows discovery on matters relevant to class certification, which (depending on

circumstances) may include factual issues also touching the merits.  If any party seeks discovery from

absent class members, please estimate how many, and also state the kind of discovery you propose[1].

13.    **INSURANCE COVERAGE:**  Please state if (1) there is insurance for indemnity or

reimbursement, and (2) whether there are any insurance coverage issues which might affect settlement.

14.    **ALTERNATIVE DISPUTE RESOLUTION:**  Please discuss ADR and state each

party's position about it.  If pertinent, how can the court help to identify the best neutral and prepare the

case for a successful settlement negotiation?

15.    **TIMELINE FOR CASE MANAGEMENT:**  Please recommend dates and times for the

following:

■  The next status conference,

■  A schedule for alternative dispute resolution, if it is relevant,

---

[1] See California Rule of Court, Rule 3.768.

- ■  A filing deadline for the motion for class certification, and

- ■  Filing deadlines and descriptions for other anticipated non-discovery motions.

16.    **REMINDER WHEN SEEKING TO DISMISS:**

"A dismissal of an entire class action, or of any party or cause of action in a class action, requires court approval. . . .  Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."[2]

If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

17.    **REMINDER WHEN SEEKING APPROVAL OF A SETTLEMENT:**  To obtain approval of a class action settlement, the parties should strictly adhere to the Guidelines for Motions for Preliminary and Final Approval posted on the court's website under Tools for Litigators.  See the link to same in the Minute Order served concurrently herewith.  Plaintiff(s) must address any fee-splitting agreement in their motion for preliminary approval and demonstrate compliance with California Rule of Court 3.769 and the Rules of Professional Conduct 2-200(a) as required by *Mark v. Spencer* (2008) 166 Cal. App. 4th 219.

18.    **REMINDER WHEN USING THE MESSAGE BOARD:**  The court requires a pre-motion conference before any motion is filed, including discovery motions.  Counsel shall jointly post a *brief s*tatement on the message board setting forth the discovery in dispute or the essential issue(s) to be decided in the motion.  The court either will hold a prompt informal conference with the parties to discuss the dispute or tell the parties to call courtroom staff to obtain a motion date.  If one side refuses to state its position in a joint posting after a reasonable request from opposing counsel, the opposing counsel may post a message unilaterally.

---

[2] California Rule of Court, Rule 3.770(a)

19.   **NOTICE OF THE ISC ORDER:**  Plaintiff's counsel shall serve this Initial Status Conference Order on all defense counsel, or if counsel is not known, on each defendant and file a Proof of Service with the court within seven (7) days of the date of this Order.  If the Complaint has not been served as of the date of this Order, plaintiff(s) must serve the Complaint, along with a copy of this Order, within five (5) days of the date of this Order.  Once served, each as yet non-appearing defendant shall file a Notice of Appearance (identifying counsel by name, firm name, address, email address, telephone number and fax number).  The filing of a Notice of Appearance is without prejudice to (a) any jurisdictional, substantive or procedural challenge to the Complaint, (b) any affirmative defense, and (c) the filing of any cross-complaint in this action.

20.   **e-SERVICE PROVIDER**:  The parties should refer to the Court's website for the list of e-service providers which are approved for complex cases.  The parties must sign up with the provider at least ten days in advance of the Initial Status Conference and advise the Court, via email to sscdept1@lacourt.org, which provider was selected.  While the parties are free to choose any approved service, Department 1 prefers CaseAnywhere

Dated: October 15, 2025

Theresa M. Traber / Judge
Hon. Theresa M. Traber
Judge of the Los Angeles Superior Court

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

FOR COURT USE ONLY

COURTHOUSE ADDRESS:

Spring Street Courthouse
312 North Spring Street, Los Angeles, CA, 90012

PLAINTIFF(S)/PETITIONER(S):

Barry Burns  et al

DEFENDANT(S)/RESPONDENT(S):

Moss Adams LLP

**FILED**
Superior Court of California
County of Los Angeles

10/15/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____A. He_____ Deputy

## CLERK'S CERTIFICATE OF SERVICE
## BY ELECTRONIC SERVICE

CASE NUMBER:

25STCV28667

I, David W. Slayton, Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein and that on this date I served the

**Minute Order of 10/15/2025**
**Initial Status Conference Order of 10/15/2025**

upon each party or counsel of record in the above entitled action by electronically serving to the party or parties at the electronic address as listed below:

**"Robert Wilson, III" <robert@tomorrowlaw.com>**

The electronic transmission originated from the Superior Court of California, County of Los Angeles email address eService-DoNotReply@lacourt.org at the Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA, 90012.

Dated: 10/15/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _A. He_____

Deputy Clerk

**Page 1 of 1**

# EXHIBIT D

| Attorney or Party without Attorney: | | FOR COURT USE ONLY |
|---|---|---|
| Robert Wilson<br>Bibiyan Law Group<br>1460 Westwood Blvd<br>Los Angeles, CA 900244975<br>TELEPHONE No.: (310) 438-5555          FAX No. (Optional):          E-MAIL ADDRESS (Optional):<br>Attorney for: Plaintiff BARRY BURNS | | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/08/2025 5:53 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By C. Perez, Deputy Clerk** |
| | Ref No. or File No.:<br>BARRY BURNS | |
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT, LOS ANGELES COUNTY - STANLEY MOSK COURTHOUSE | | |
| Plaintiff: BARRY BURNS<br>Defendant: MOSS ADAMS LLP, a Washington Limited Liability Partnership | | |

| **NON SERVICE REPORT** | HEARING DATE: | TIME: | DEPT.: | CASE NUMBER:<br>25STCV28667 |
|---|---|---|---|---|

After due search, careful inquiry and diligent attempts at the following address(es), I have not been able to effect service of said process on: **MOSS ADAMS LLP, a Washington Limited Liability Partnership**

Documents:  Summons; Complaint; Alternative Dispute (ADR) package; Civil Case Cover Sheet (served in complex cases only); NOTICE OF CASE ASSIGNMENT;

| Date | Time | Results |
|---|---|---|
| 10/10/2025 | 11:26 AM | Address provided is Stax AI. Per the employee who answered the door, there is not a Sheldon Epstien working here. He said they have been in this suite for about 2 years. - William Bilyk |
| | Location: | 8800 E Raintree Dr Ste 210,  Scottsdale, AZ 852603963 |

Fee for Service: **$ .00**

County: Maricopa County
Registration No.: 8749
**Steno Agency, Inc.**
**315 West 9th Street 807**
**Los Angeles, CA 90015**
**805.650.9291**

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on October 21, 2025.

Signature: _William Bilyk_

**NON SERVICE REPORT**

Order#: 2069340

# EXHIBIT E

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert Wilson SBN 226309<br>Bibiyan Law Group<br>1460 Westwood Blvd<br>Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 438-5555          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional): robert@tomorrowlaw.com<br>ATTORNEY FOR (Name): Barry Burns | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>12/19/2025 2:33 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Gnade, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - Spring Street**

| STREET ADDRESS: | 312 North Spring Street |
|---|---|
| MAILING ADDRESS: | 312 North Spring Street |
| CITY AND ZIP CODE: | Los Angeles, CA 90012 |
| BRANCH NAME: | SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - Spring Street |

| PLAINTIFF/PETITIONER: | Barry Burns | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Moss Adams LLP | 25STCV28667 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>BARRY BURNS |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of: ***SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; COURT MINUTE ORDER IN RE: COURT ORDER SCHEDULING INITIAL STATUS CONFERENCE; INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS); CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE; NOTICE OF CASE ASSIGNMENT; ADR; ADR (LASC CIV 271 Rev. 02/22); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; FIRST AMENDED GENERAL ORDER***

3. a. Party served *(specify name of party as shown on documents served)*:
   ***MOSS ADAMS LLP, a Washington Limited Liability Partnership***

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   **Jerri Eckmann - Authorized Agent for Service of Process**

4. Address where the party was served: ***999 3rd Ave ste 2800 Seattle, WA 98104***

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **Person in Charge/Authorized to Accept**(2) at:
   b. ☒ **by substituted service.** On: **12/9/2025** at: **04:00 PM** I left the documents listed in item 2 with or in the presence of *(name and title or relationship to the person indicated in item 3)*: ***Jon Perez - Person in Charge/Authorized to Accept***
   ***Jon Perez (Gender: M Age: 40 Height: 5'5 Weight: 170 Race: Hispanic Hair: Black Other: )***

   (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
   on:          from:          or ☒ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

   c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address

| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | LC # 13526965 |
|---|---|---|

Doc ID: b3da63755b4c71d88c7ef71604ccf17fff51ffc6

| PLAINTIFF/PETITIONER: Barry Burns | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Moss Adams LLP | 25STCV28667 |

shown in item 4, by first-class mail, postage prepaid,

(1) on:                                   (2) from:

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (*specify means of service and authorizing code section*):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (*specify*):

c. ☐ as occupant.

d. ☒ On behalf of (*specify*): **MOSS ADAMS LLP, a Washington Limited Liability Partnership**
under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☒ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Marvin Rose**

b. Company Name: **Steno Agency, Inc.**

c. Address: **315 West 9th Street, Los Angeles, CA 90015**

d. Telephone number: **(213) 516-4166**

e. **The fee** for service was: **$343.00**

f. I am:

(1) ☒ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server:

    (i) ☐ owner ☐ employee ☒ independent contractor.

    (ii) Registration No.:

    (iii) County: **0**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**STENO**
**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**Ref:**

Marvin Rose Date: 12/10/2025

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          LC # 13526965

Doc ID: b3da63755b4c71d88c7ef71604ccf17fff51ffc6

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
**Robert Wilson SBN 226309)**
**Bibiyan Law Group**
**1460 Westwood Blvd**
**Los Angeles, CA 90024**

TELEPHONE NO.: **(310) 438-5555**          FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*  **robert@tomorrowlaw.com**

ATTORNEY FOR *(Name):*  **Barry Burns**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - Spring Street**

STREET ADDRESS: 312 North Spring Street

MAILING ADDRESS: 312 North Spring Street

CITY AND ZIP CODE: Los Angeles, CA 90012

BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - Spring Street

PLAINTIFF/PETITIONER: Barry Burns

DEFENDANT/RESPONDENT: Moss Adams LLP

| | |
|---|---|
| **PROOF OF SERVICE BY MAIL** | CASE NUMBER:<br>25STCV28667 |
| | Ref. No. or File No.:<br>BARRY BURNS |

1.    I am, and was on the dates herein mentioned, over the age of 18 and not a party to this action. I am employed in the county where the mailing occurred.

2.    I served the within *SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION; COURT MINUTE ORDER IN RE: COURT ORDER SCHEDULING INITIAL STATUS CONFERENCE; INITIAL STATUS CONFERENCE ORDER (COMPLEX CLASS ACTIONS); CLERK'S CERTIFICATE OF SERVICE BY ELECTRONIC SERVICE; NOTICE OF CASE ASSIGNMENT; ADR; ADR (LASC CIV 271 Rev. 02/22); VOLUNTARY EFFICIENT LITIGATION STIPULATIONS; FIRST AMENDED GENERAL ORDER*

3.    By placing a true copy thereof enclosed in a sealed envelope with postage thereon pre-paid for first class in the United States mail at Los Angeles, California, addressed as follows:

   a.    **Date of Mailing:**       12/10/2025
   b.    **Place of Mailing:**      Los Angeles, CA
   c.    **Addressed to:**          MOSS ADAMS LLP, a Washington Limited Liability Partnership
                                     ATTN: Jerri Eckmann - Authorized Agent for Service of Process
                                     999 3rd Ave ste 2800
                                     Seattle, WA 98104

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

**I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**STENO** **Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**Ref:**

*Fernando Castelan*

**FERNANDO CASTELAN**
Date: 12/10/2025

1   **PROOF OF SERVICE**

2   *Barry Burns, et al. v. Moss Adams LLP*

3       I am a resident of the State of California, employed in the County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 600 Anton

4   Blvd., Suite 1800, Costa Mesa, CA 92626.

5       On January 8, 2026, I served on the interested parties in this action the within document(s) entitled:

6

7   **DEFENDANT'S NOTICE OF REMOVAL**

8   ☒   **BY OVERNIGHT MAIL:** By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight

9   mail service on said date in the ordinary course of business.

10  ☒   **BY EMAIL:** the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on January 8, 2026. The

11  transmission was reported as complete and without error. My electronic notification address is 600 Anton Blvd., Suite 1800, Costa Mesa, CA 92626. My

12  e-mail address is eduardo.fernandez@morganlewis.com.

13

| | |
|---|---|
| Robert D. Wilson III<br>BIBIYAN LAW GROUP, P.C.<br>1460 Westwood Boulevard<br>Los Angeles, California 90024<br>Tel: (310) 438-5555<br>Fax: (310) 300-1705<br>robert@tomorrowlaw.com | *Attorneys for Plaintiffs* |

19      [  ]   **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

20      [ X ] **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

22      Executed on January 8, 2026, at Costa Mesa, California.

23

24  _____
            Eduardo Fernandez

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
COSTA MESA

PROOF OF SERVICE

DB2/ 41514835.1