**BIBIYAN LAW GROUP, P.C.**
Calyn V. Hadlock (SBN 352401)
calyn@tomorrowlaw.com
1460 Westwood Boulevard
Los Angeles, California 90024
Tel: (310) 438-5555; Fax: (310) 300-1705

Attorney for Plaintiffs, BARRY BURNS and SAMANTHA ZUZUARREGUI, on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BARRY BURNS and SAMANTHA ZUZUARREGUI, individuals and on behalf of all others similarly situated,

Plaintiffs,

v.

MOSS ADAMS LLP, a Washington Limited Liability Partnership; and DOES 1 through 100, inclusive,

Defendants.

CASE NO.: 2:26-cv-00206-AB-MBK

**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**

1. FAILURE TO PAY OVERTIME WAGES;
2. FAILURE TO PAY MINIMUM WAGES;
3. FAILURE TO PROVIDE MEAL PERIODS;
4. FAILURE TO PROVIDE REST PERIODS;
5. WAITING TIME PENALTIES;
6. WAGE STATEMENT VIOLATIONS;
7. FAILURE TO INDEMNIFY;

**DEMAND FOR JURY TRIAL**

[Amount in Controversy Exceeds $35,000.00]

Plaintiffs BARRY BURNS and SAMANTHA ZUZUARREGUI, on behalf of Plaintiffs and all others similarly situated, alleges as follows:

## GENERAL ALLEGATIONS

## INTRODUCTION

1. This is a Class Action, pursuant to Code of Civil Procedure section 382, against MOSS ADAMS LLP, and any of its respective subsidiaries or affiliated companies within the State of California ("MOSS ADAMS"); and DOES 1 through 100, as further defined below, "Defendants") on behalf of Plaintiffs and all other current and former non-exempt California employees employed by or formerly employed by Defendants ("Class Members").

## PARTIES

### A. Plaintiffs

2. Plaintiff BARRY BURNS is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, saving, uploading and handling the archiving of client documentation in binders. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff BARRY BURNS worked for Defendants, in a full-time capacity, from approximately February of 2025 through approximately March of 2025.

3. Plaintiff SAMANTHA ZUZUARREGUI is a resident of the State of California. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, filling, ordering and restocking, ordering kitchen snacks, sending notes to the IRS, and mailing. Plaintiff is informed and believes, and based thereon alleges, that Plaintiff SAMANTHA ZUZUARREGUI worked for Defendants, in a full-time capacity, from approximately June of 2023 through approximately October of 2024.

### B. Defendants

4. Plaintiffs are informed and believe and based thereon allege that defendant MOSS ADAMS is, and at all times relevant hereto was, a Limited Liability Partnership organized and

existing under and by virtue of the laws of the State of Washington and doing business in the County of Los Angeles, State of California. At all relevant times herein, MOSS ADAMS employed Plaintiffs and similarly situated employees within the State of California.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiffs, who therefore sue defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiffs are informed and believes and based thereon allege that each of the defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

6. Plaintiffs are informed and believe, and based thereon allege, that each defendant acted in all respects pertinent to this action, as the agent of the other defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include MOSS ADAMS, and any of their parent, subsidiary, or affiliated companies within the State of California, as well as DOES 1 through 100 identified herein.

## JOINT LIABILITY ALLEGATIONS

7. Plaintiffs are informed and believes and based thereon alleges that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

8. All of the acts and conduct described herein of each and every corporate defendant was duly authorized, ordered, and directed by the respective and collective defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct

of said corporate employees, agents, and representatives, the defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

9. As a result of the aforementioned facts, Plaintiffs are informed and believe, and based thereon allege that Defendants, and each of them, are joint employers.

**JURISDICTION**

10. Jurisdiction exists in the Superior Court of the State of California pursuant to Code of Civil Procedure section 410.10.

11. Venue is proper in Los Angeles County, California pursuant to Code of Civil Procedure sections 392, et seq. because, among other things, Los Angeles County is where the causes of action complained of herein arose; the county in which the employment relationship began; the county in which performance of the employment contract, or part of it, between Plaintiffs and Defendants was due to be performed; the county in which the employment contract, or part of it, between Plaintiffs and Defendants was actually performed; and the county in which Defendants, or some of them, reside. Moreover, the unlawful acts alleged herein have a direct effect on Plaintiffs and Class Members in Los Angeles County, and because Defendants employ numerous Class Members in Los Angeles County.

**FACTUAL BACKGROUND**

12. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive at least minimum, regular, overtime, and double times wages and that they were not receiving minimum, regular, overtime, and double time wages for all work that was required to be performed.

13. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay minimum wages to Plaintiffs and Class Members, or some of them, in violation of California state wage and hour laws.

14. For at least four (4) years prior to the filing of this action and continuing to the present,

Defendants have, at times, failed to pay overtime wages to Plaintiffs and Class Members, or some of them, in violation of California state wage and hour laws as a result of, without limitation, Plaintiffs and Class Members working over eight (8) hours per day, forty (40) hours per week, and seven consecutive work days in a work week without being properly compensated for hours worked in excess of (8) hours per day in a work day, forty (40) hours per week in a work week, and/or hours worked on the seventh consecutive work day in a work week.

15. On information and belief, Defendants did not accurately or appropriately compensate Plaintiffs and Class Members for the hours worked by, among other things, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members: to complete post-shift tasks after clocking out, such as responding to calls, text and emails after work hours. In addition, upon information and belief, Defendants detrimentally rounded, edited and/or manipulated of time entries so the hours recorded were less than the hours actually worked.

16. Defendant required Plaintiffs and putative class members to record their time worked at the end of the day, as opposed to contemporaneously, and instructed Plaintiffs and putative class members to merely record their scheduled time. For example, Plaintiff Zuzuarregui recalls that Defendant's supervisors instructed her to just record her scheduled time and always input a meal break at precisely noon. Plaintiffs were instructed and believed that they should record scheduled, not actual time worked, which resulted in unpaid time worked, including unpaid overtime worked. Each shift, Plaintiffs recorded their scheduled time worked, even though Plaintiffs reported for work prior to their scheduled start time at least and approximately once per week. For example, Plaintiff Burns was forced to undergo security procedures to enter the office, including scanning a key card in order to access the office; the month of February 2025, Plaintiff Burns recalls several minutes of time spent waiting to get through the secure entrances such that he could reach his desk and start performing work; Plaintiff Burns does not recall being compensated for this time spent waiting to bypass security measures in order to get into the office.

17. Plaintiff Zuzuarregui was forced to arrive prior to her scheduled start time at least and approximately twice per week in order to set up the work stations, conference rooms, and kitchens. Plaintiff Zuzuarregui recalls that other putative class members were frequently at their desks prior to the scheduled start time, but believes, based on Defendant's policies, that those individuals, like herself, recorded only their scheduled time, rather than their actual time worked, thus omitting the hours spent working prior to and after the scheduled times as a result of Defendant's policy that only scheduled hours should be recorded. For example, the week of November 4, 2023, Plaintiff Zuzuarregui recalls going to the office prior to her scheduled start time to stock snacks in the kitchen. Plaintiff Zuzuarregui does not recall being compensated for this time spent working prior to her scheduled start time.

18. Plaintiffs recall that Defendant advanced a very strict overtime policy whereby any overtime worked had to be pre-authorized by Defendant, otherwise, it would be considered an infraction resulting in progressive disciplinary consequences, up to and including termination.

19. Defendant's policies and practices required Plaintiffs to use their personal mobile phones for work-related purposes. For example the week of February 10, 2025, Plaintiff Burns was forced to answer calls from Defendant and respond to work-related and time-sensitive inquiries. The week of November 4, 2023, Plaintiff Zuzuarregui was forced to answer calls from Defendant and respond to work-related and time-sensitive inquiries. Defendant did not provide Plaintiffs with mobile phones; therefore, Plaintiffs were obligated to use their personal cell-phones for contemporaneous communications with Defendant if they were away from their desk. Plaintiffs also were not able to ignore calls from Defendant, because Defendant expected and required Plaintiffs to be immediately responsive when Defendant contacted them.

20. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a timely, off-duty, uninterrupted 30-minute meal period for every five hours of work, or payment of one additional hour of pay at their regular rate of pay when they did not receive a compliant meal period.

21. For at least four (4) years prior to the filing of this Action and continuing to the present,

Defendants have, at times, failed to provide Plaintiffs and Class Members, or some of them, full, timely thirty (30) minute uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, and failing to provide compensation for such unprovided meal periods as required by California wage and hour laws. Approximately once per week, Plaintiff Burns suffered on-duty, interrupted meal breaks, wherein a supervisor, manager, or auditor employed by Defendant, interrupted Plaintiff Burns' meal break to ask a work-related question, including inquiries about the location or progress of a client's file. For example, the week of March 19, 2025, Plaintiff Burns recalls and believes that he suffered an interrupted meal break. Approximately twice per week, Plaintiff Zuzuarregui suffered late, missed, or interrupted meal breaks due to the workload and the demands of the office. Specifically, Plaintiff Zuzuarregui suffered missed meal breaks the week of June 15, 2024, due to the increased labor associated with hosting in-office internship events. Plaintiff Zuzuarregui also recalls an increased rate of missed, late, and short meal breaks between the months of January and April due to the increased workload of the entire office during tax preparation "season." Plaintiffs recall that everyone at the offices followed similar meal break practices. For example, Plaintiff Zuzuarregui recalls that several times per week, at the lunch hour, her colleagues, instead of stopping work to take a meal break, remained seated, focused on their screens, continued to take work-related phone calls, and seemingly worked through the break. Both Plaintiffs recall experiencing non-compliant meal breaks on a regular basis due to the demands of their work.

22. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members were entitled to receive a ten-minute, off-duty, uninterrupted rest period for every four (4) hours worked, or major fraction thereof, or payment of one (1) additional hour of pay at their regular rate of pay when they were not permitted to take a compliant rest period. Approximately twice per week, Plaintiff Burns suffered missed breaks in order to complete his work for the day. Generally, Defendant assigned Plaintiff Burns a workload that required Plaintiff Burns to review, scan, and print approximately twenty files per hour. If Plaintiff

Burns failed to maintain this pace, he would fall short of his workload. In order to maintain the pace, and to avoid termination or some other formalized consequence, Plaintiff Burns skipped his rest breaks. Plaintiff Burns was forced to skip his rest breaks due to his workload approximately twice per week, with that rate increasing when his assigned files were larger than average. For example, the week of March 19, 2025, Plaintiff Burns recalls and believes that he suffered at least one missed rest break. Approximately three times per week, Plaintiff Zuzuarregui suffered late, missed, or interrupted rest breaks due to the workload and the demands of the office. Specifically, Plaintiff Zuzuarregui suffered missed rest breaks the week of June 15, 2024, due to the increased labor associated with hosting in-office internship events. Plaintiff Zuzuarregui also recalls an increased rate of missed, late, and short rest breaks between the months of January and April due to the increased workload of the entire office during tax preparation "season." Plaintiffs recall that everyone at the offices followed similar rest break practices. Both Plaintiffs recall experiencing non-compliant rest breaks on a regular basis due to the demands of their work.

23. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to authorize and permit Plaintiffs and Class Members, or some of them, to take rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided rest periods as required by California wage and hour laws.

24. Plaintiffs are informed and believe, and thereon allege, that Defendants knew or should have known that Plaintiffs and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to pay Plaintiffs and Class Members the full amount of their wages owed to them upon termination and/or resignation as required by Labor Code sections 201 and 202, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages.

25. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage

statements and failed to abide by the requirements of Labor Code section 226. For at least one (1) year prior to the filing of this action and continuing to the present, Defendants have, at times, failed to furnish Plaintiffs and Class Members with itemized wage statements that accurately reflect gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; the name and address of the legal entity that is the employer; and other such information as required by Labor Code section 226, subdivision (a). As a result thereof, Defendants have further failed to furnish employees with an accurate calculation of gross and gross wages earned, as well as gross and net wages paid.

26. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to be reimbursed for necessary expenses incurred in the discharge of their duties. For at least three (3) years prior to the filing of this action and continuing to the present, Defendants have, at times, failed to indemnify Plaintiffs and Class Members, or some of them, for the costs incurred in using cellular phones for work-related purposes.

27. Plaintiffs are informed and believe, and thereon allege that Defendants knew or should have known that Plaintiffs and Class Members were entitled to paid sick leave at their regular rate of pay. For at least four (4) years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to provide Plaintiffs and Class Members with the rights provided to them under the Healthy Workplace Heathy Families Act of 2014, codified at Labor Code section 245, *et seq.*

28. Plaintiffs, on their own behalf and on behalf of Class Members, brings this action pursuant to, including but not limited to, Labor Code sections 200, 201, 202, 203, 226, 226.7, 510, 512, 558.1, 1194, 1194.2, 1197, 2802, and California Code of Regulations, Title 8, section 11040, seeking overtime wages, minimum wages, payment of premium wages for missed meal and rest periods, failure to pay timely wages, waiting time penalties, wage statement penalties, failure to indemnify work-related expenses, other such provisions of California law, and reasonable attorneys' fees and costs.

/ / /

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action on behalf of Plaintiffs and Class Members as a class action pursuant to Code of Civil Procedure section 382. Plaintiffs seek to represent a class of all current and former non-exempt employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiffs' complaint up until the time that notice of the class action is provided to the class (collectively referred to as "Class Members").

30. Plaintiffs reserve the right under California Rule of Court rule 3.765, subdivision (b) to amend or modify the class description with greater specificity, further divide the defined class into subclasses, and to further specify or limit the issues for which certification is sought.

31. This action has been brought and may properly be maintained as a class action under the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

### A. Numerosity

32. The potential Class Members as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Class Members has not been determined yet, Plaintiff is informed and believes that there are over seventy-five (75) Class Members employed by Defendants within the State of California.

33. Accounting for employee turnover during the relevant periods necessarily increases this number. Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Class is not practicable.

### B. Commonality

34. There are questions of law and fact common to Class Members. These common questions include, but are not limited to:

A. Did Defendants violate Labor Code sections 510 and 1194 by failing to pay all hours worked at a proper overtime rate of pay?

B. Did Defendants violate Labor Code sections 510, 1194 and 1197 by failing to pay for

all other time worked at the employee's regular rate of pay?

C. Did Defendants violate Labor Code section 512 by not authorizing or permitting Class Members to take compliant meal periods?

D. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed or interrupted meal periods?

E. Did Defendants violate applicable Wage Orders by not authorizing or permitting Class Members to take compliant rest periods?

F. Did Defendants violate Labor Code section 226.7 by not providing Class Members with additional wages for missed rest periods?

G. Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members upon termination or resignation all wages earned?

H. Are Defendants liable to Class Members for waiting time penalties under Labor Code section 203?

I. Did Defendants violate Labor Code section 226, subdivision (a) by not furnishing Class Members with accurate wage statements?

J. Did Defendants fail to indemnify Class Members for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties or by obedience to the directions of Defendants as required under Labor Code section 2802?

K. Are Class Members entitled to restitution of wages under Business and Professions Code section 17203?

L. Are Class Members entitled to costs and attorneys' fees?

M. Are Class Members entitled to interest?

**C. <u>Typicality</u>**

35. The claims of Plaintiffs herein alleged are typical of those claims which could be alleged by any Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. Plaintiffs and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and

regulations that have the force and effect of law and statutes as alleged herein.

**D. <u>Adequacy of Representation</u>**

36. Plaintiffs will fairly and adequately represent and protect the interest of Class Members. Counsel who represents Plaintiffs are competent and experienced in litigating wage and hour class actions.

**E. <u>Superiority of Class Action</u>**

37. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members. Class Members, as further described therein, have been damaged and are entitled to recovery by reason of Defendants' policies and/or practices that have resulted in the violation of the Labor Code at times, as set out herein.

38. Class action treatment will allow Class Members to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**<u>FIRST CAUSE OF ACTION</u>**

**(Failure to Pay Overtime Wages – Against All Defendants)**

39. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

40. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 510, 1194 and 1199, as well as applicable Wage Orders.

41. At all times relevant to this Complaint, Labor Code section 510 was in effect and provided: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of forty hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

42. At all times relevant to this Complaint, Labor Code section 510 further provided that "[a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay."

43. Four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiffs and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without being paid overtime wages for all hours worked as a result of, including but not limited to, Defendants, failing to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to complete post-shift tasks after clocking out, such as responding to calls, text and emails after work hours. In addition, upon information and belief, Defendants detrimentally rounded, edited and/or manipulated of time entries so the hours recorded were less than the hours actually worked.

44. Accordingly, by requiring Plaintiffs and Class Members to, at times, worked greater than eight (8) hours per workday, forty (40) hours per workweek, and/or seven (7) straight workdays without properly compensating overtime wages at the proper overtime rate of pay, Defendants, on occasion, willfully violated the provisions of the Labor Code, among others, sections 510, 1194, and applicable IWC Wage Orders, and California law.

45. As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery, plus interest and penalties thereon, attorneys' fees and costs, pursuant to Labor Code section 1194 and 1199, Code of Civil Procedure section 1021.5 and 1032, and Civil Code section 3287.

## <u>SECOND CAUSE OF ACTION</u>

**(Failure to Pay Minimum Wages – Against All Defendants)**

46. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

47. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 1197, 1199 and applicable Wage Orders.

48. Pursuant to Labor Code section 1197 and applicable Wage Orders, Plaintiffs and Class Members were entitled to receive minimum wages for all hours worked or otherwise under Defendants' control.

49. For four (4) years prior to the filing of the Complaint in this Action through the present, Defendants failed, at times, to accurately track and/or pay for all minutes actually worked at the proper overtime rate of pay; engaging, suffering, or permitting employees to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to complete post-shift tasks after clocking out, such as responding to calls, text and emails after work hours. In addition, upon information and belief, Defendants detrimentally rounded, edited and/or manipulated of time entries so the hours recorded were less than the hours actually worked.

50. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid minimum wages for all hours worked or otherwise due.

51. Pursuant to Labor Code sections 218.6, 1194, 1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of unpaid minimum wages, interest and penalties thereon, liquidated damages, reasonable attorneys' fees and costs of suit.

## THIRD CAUSE OF ACTION

**(Failure to Provide Meal Periods – Against All Defendants)**

52. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

53. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 512 and applicable Wage Orders.

54. Pursuant to Labor Code section 512 and applicable Wage Orders, no employer shall employ an employee for a work period of more than five (5) hours without a timely meal break of not

less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second timely meal period of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.

55. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

56. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiffs and Class Members were, at times, not provided complete, timely 30-minute, duty-free uninterrupted meal periods every five hours of work without waiving the right to take them, as permitted. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not provided compliant meal periods.

57. By their failure to provide Plaintiffs and Class Members compliant meal periods as contemplated by Labor Code section 512, among other California authorities, and failing, at times, to provide compensation for such unprovided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 512 and applicable Wage Orders.

58. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for missed, untimely, interrupted, incomplete and/or on-duty meal periods.

59. Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant meal periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

/ / /

/ / /

**FOURTH CAUSE OF ACTION**

**(Failure to Provide Rest Periods – Against All Defendants)**

60. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

61. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by applicable Wage Orders.

62. California law and applicable Wage Orders require that employers "authorize and permit" employees to take ten (10) minute rest periods in about the middle of each four (4) hour work period "or major fraction thereof." Accordingly, employees who work shifts of three and-a-half (3 ½) to six (6) hours must be provided ten (10) minutes of paid rest period, employees who work shifts of more than six (6) and up to ten (10) hours must be provided with twenty (20) minutes of paid rest period, and employees who work shifts of more than ten (10) hours must be provided thirty (30) minutes of paid rest period.

63. Pursuant to Labor Code section 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one (1) additional hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

64. For four (4) years prior to the filing of the Complaint in this Action through the present, Plaintiffs and Class Members were, at times, not authorized or permitted to take complete, timely 10-minute, duty-free uninterrupted rest periods every four (4) hours of work or major fraction thereof. Moreover, at times, Defendants failed to provide one (1) additional hour of pay at the Class Member's regular rate of compensation on the occasions that Class Members were not authorized or permitted to take compliant rest periods.

65. By their failure, at times, to authorize and permit Plaintiffs and Class Members to take rest periods contemplated by California law, and one (1) additional hour of pay at the employee's regular rate of compensation for such unprovided rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and applicable Wage Orders.

66. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount, subject to proof, to the extent they were not paid additional pay owed for rest periods that they were not authorized or permitted to take.

67. Plaintiffs and Class Members are entitled to recover the full amount of their unpaid additional pay for unprovided compliant rest periods, in amounts to be determined at trial, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287.

## FIFTH CAUSE OF ACTION

**(Failure to Pay All Wages Due Upon Termination – Against All Defendants)**

68. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

69. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code sections 201, 202 and 203, as well as applicable Wage Orders.

70. Pursuant to Labor Code sections 201 and 202, Plaintiffs and Class Members were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged Class Members were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Class Members who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation.

71. Plaintiffs are informed and believe, and based thereon allege, that in the three (3) years before the filing of the Complaint in this Action through the present, Defendants, due to the failure, at times, to provide overtime wages mentioned above, failed to pay Plaintiffs and Class Members all wages earned prior to resignation or termination in accordance with Labor Code sections 201 or 202.

72. Plaintiffs are informed and believes Defendants' failure, at times, to pay Plaintiffs and Class Members all wages earned prior to termination or resignation in accordance with Labor Code

sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by Plaintiffs and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202 resulting in the failure, at times, to pay all wages earned prior to termination or resignation.

73. Pursuant to Labor Code section 203, Plaintiffs and Class Members are entitled to waiting time penalties from the date their earned and unpaid wages were due, upon termination or resignation, until paid, up to a maximum of thirty (30) days.

74. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination or resignation.

75. Pursuant to Labor Code section 203 and 218.6, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover waiting time penalties, interest, and their costs of suit, as well.

## FIFTH CAUSE OF ACTION

**(Failure to Provide Accurate Wage Statements – Against All Defendants)**

76. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

77. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 226, as well as applicable Wage Orders.

78. Pursuant to Labor Code section 226, subdivision (a), Plaintiffs and Class Members were entitled to receive, semi-monthly or at the time of each payment of wages, an accurate itemized statement that accurately reflects, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer; among other things

79. Plaintiffs are informed and believe, and based thereon allege, that in the one (1) year

before the filing of the Complaint in this Action through the present, Defendants failed to comply with Labor Code section 226, subdivision (a) by adopting policies and practices that resulted in their failure, at times, to furnish Plaintiffs and Class Members with accurate itemized statements that accurately reflect, among other things, gross wages earned; total hours worked; net wages earned; all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate; and the name and address of the legal entity that is the employer, among other things

80. Defendants' failure to, at times, provide Plaintiffs and Class Members with accurate wage statements was knowing, intentional, and willful. Defendants had the ability to provide Plaintiffs and the other Class Members with accurate wage statements, but, at times, willfully provided wage statements that Defendants knew were not accurate.

81. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered injury. The absence of accurate information on Class Members' wage statements at times has delayed timely challenge to Defendants' unlawful pay practices; requires discovery and mathematical computations to determine the amount of wages owed; causes difficulty and expense in attempting to reconstruct time and pay records; and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal governmental agencies, among other things.

82. Pursuant to Labor Code section 226, subdivision (e), Plaintiffs and Class Members are entitled to recover $50 for the initial pay period during the period in which violation of Labor Code section 226 occurred and $100 for each violation of Labor Code section 226 in a subsequent pay period, not to exceed an aggregate $4,000.00 per employee.

83. Pursuant to Labor Code sections 226, subdivisions (e) and (g), Code of Civil Procedure section 1032, Civil Code section 3287, Plaintiffs and Class Members are entitled to recover the full amount of penalties due under Labor Code section 226, subdivision (e), reasonable attorneys' fees, and costs of suit.

/ / /

## SIXTH CAUSE OF ACTION

**(Violation of Labor Code § 2802 – Against All Defendants)**

84. Plaintiffs reallege and incorporates by reference all of the allegations contained in the preceding paragraphs as though fully set forth hereat.

85. At all relevant times, Plaintiffs and Class Members were employees or former employees of Defendants covered by Labor Code section 2802 and applicable Wage Orders.

86. Labor Code section 2802, subdivision (a) provides that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . ."

87. For three (3) years prior to the filing of the Complaint in this Action through the present, Defendants required Plaintiffs and Class Members, or some of them, to incur, at times, necessary expenditures or losses in direct consequence of the discharge of their duties or at the obedience to the directions of Defendants that included, without limitation: using personal cellular phones for work-related purposes.

88. During that time period, Plaintiffs are informed and believe, and based thereon allege that Defendants failed and refused, and still fail and refuse, at times, to reimburse Plaintiff and Class Members for those losses and/or expenditures.

89. As a result of Defendants' unlawful conduct, Plaintiffs and Class Members have suffered damages in an amount subject to proof, to the extent they were not reimbursed for the herein-described losses and/or expenditures.

90. Pursuant to Labor Code section 2802, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, Plaintiffs and Class Members are entitled to recover reimbursement for their herein-described losses and/or expenditures, reasonable attorneys' fees and costs of suit.

## DEMAND FOR JURY TRIAL

91. Plaintiffs demand a trial by jury on all causes of action contained herein.

/ / /

## PRAYER

WHEREFORE, on behalf of Plaintiffs and Class Members, Plaintiff prays for judgment against Defendants as follows:

A. An order certifying this case as a Class Action;

B. An Order appointing Plaintiff as Class representative and appointing Plaintiffs' counsel as class counsel;

C. Damages for all wages earned and owed, including minimum and overtime wages, under Labor Code sections 510, 558.1, 1194, 1197 and 1199;

D. Liquidated damages pursuant to Labor Code sections 558.1 and 1194.2;

E. Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512, 558.1 and 226.7;

F. Penalties for inaccurate wage statements under Labor Code sections 226, subdivision (e) and 558.1;

G. Waiting time penalties under Labor Code sections 203 and 558.1;

H. Damages under Labor Code sections 2802 and 558.1;

I. Prejudgment and post-judgment interest at the maximum rate allowed by law;

J. For attorneys' fees in prosecuting this action;

K. For costs of suit incurred herein; and

L. For such other and further relief as the Court deems just and proper.

Dated: February 17, 2026 BIBIYAN LAW GROUP, P.C.

BY: */s/ Calyn V. Hadlock*
Calyn V. Hadlock

Attorney for Plaintiffs BARRY BURNS and SAMANTHA ZUZUARREGUI, and on behalf of all others similarly situated